LOPATA et al. v. HANDLER et al.

No. 318.

District Court, E. D. Oklahoma.

Jan. 24, 1941.

A. N. Boatman, of Okmulgee, Okl., for plaintiffs.

C. B. McCrory, of Okmulgee, Okl., and I. H. Cox, of Tulsa, Okl., for defendants.

RICE, District Judge.

After filing an answer herein the defendants filed a motion for summary judgment supported by affidavits, and served the same upon the attorney for the plaintiff as provided by Rule 56 (c), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. The matter was set for hearing, at which time the attorney for the plaintiff appeared. No counter affidavits were presented on behalf of the plaintiff. The question is whether or not, under the pleadings and affidavits in support of the motion for a summary judgment, the defendant is entitled thereto.

The plaintiffs are residents of the State of Iowa and are stockholders in Handfield Petroleum and Royalty Corporation, a Delaware corporation. The three individual defendants are the directors of that corporation; S. B. Handler being the president. It is charged in the plaintiff's petition that the Handfield Petroleum and Royalty Corporation, organized in the State of Delaware, qualified to do business in Oklahoma, and was qualified to do business in Oklahoma until the 27th day of April, 1940; that 877,784½ shares of stock of said corporation have been issued to a total of 372 stockholders. The plaintiffs are the owners of 8,825 shares of the stock. The corporation has operated principally in Okmulgee County, Oklahoma, where it owned certain producing oil and gas wells. The plaintiffs allege that prior to December 31, 1939, they had received favorable reports as to the condition of the corporation, but that the report of December 31, 1939, showed that the corporation was insolvent due to the fact that the corporation owed unpaid salaries to the officers in the sum of $91,535. Plaintiff then alleges that between March 1 and March 15, 1940, all of the assets of the corporation were transferred to the defendant, Handler; that Handler has always managed and controlled the corporation; that the other two directors are pumpers, receiving salaries as such, but knew nothing about the affairs of the corporation; that prior to the institution of this suit the plaintiffs were advised by Handler that the corporation had been dissolved by a majority of the stockholders, and that the corporate property had been sold to pay creditors; that the defendant, Meyer, when questioned in regard to affairs of the corporation, referred all inquiries to Handler with the assertion that he knew nothing of the affairs of the corporation. Plaintiff makes the general

allegation that there was fraud and collusion practiced upon the stockholders by the officers of the corporation, particularly by the said S. B. Handler; that the properties were illegally transferred to the said Handler for the purpose of defrauding the stockholders, and said transfers were not made in good faith. The plaintiffs ask the appointment of a receiver to take charge of the assets of the corporation and all of the assets that have been transferred to Handler; that the said corporation be liquidated and the assets applied to the amounts due the stockholders of the different corporations; and for an order of the court decreeing the said Handler, Meyer, and Holden to hold any property which they might have as trustees for the stockholders of the corporation.

To this petition the defendants filed an answer in which they admit most of the allegations contained in the plaintiff's petition. As a part of this answer they ask that the petition be dismissed for the reason that plaintiff has not alleged facts that would entitle them to any relief. In their answer the defendants admit that the financial statement of the corporation issued in December showed that the corporation was indebted to Handler in the sum of $91,535. They admit that Handler has been the managing officer of the corporation and the president of the corporation. They admit that the physical properties of the corporation have been taken over by Handler under assignments executed by the corporation. In this answer they allege that these assignments were executed by the corporation pursuant to resolutions adopted at a stockholder's meeting, at which 637,871½ shares were represented in person or by proxy; that 559,715 shares were represented in person. They admit that the financial statement issued in December, 1939, showed the indebtedness of the corporation to be $93,132.78 and allege that said statement shows the assets to have a value of $31,501; that the income of the corporation had decreased to a point where the corporation was not justified in continuing to operate. They allege in their answer that Handler proposed to take over the assets of the corporation and to pay the debts of the corporation; that a meeting was called for the purpose of considering this proposition and that a notice was given to all of the stockholders in the corporation and they attached a copy of this notice to their answer; that as a result of this meeting the corporation was dissolved by a vote of the stockholders and its property turned over to Handler.

By way of counterclaim Handler asks that his title to the oil and gas leases and other property transferred to him be quieted and plaintiff's suit be dismissed with prejudice.

■ In a reply to the counterclaim, the plaintiffs merely deny that Handler is entitled to the relief that he asks. Replying to the answer, which was not necessary under the rules, the plaintiffs deny that the stockholders' meeting was regularly held. They deny that the assets of the defendant corporation were properly valued, and assert that they were worth more than $31,501. They do not assert that they were worth more than the indebtedness of the corporation. They at no time deny that the corporation was indebted in the sum of $93,132.78. They do not deny that the stockholders' meeting was held. They merely assert that it was not regularly held, which is a conclusion.

The motion to dismiss, coupled with the answer by the defendants, probably should not be sustained; however, it is doubtful that plaintiffs have made sufficient allegations to show that they are entitled to the relief they seek, or any other relief. True, they make the allegation of fraud, but they do not comply with Rule 9 (b) of the Federal Rules of Civil Procedure. No facts from which fraud may be inferred are alleged.

The defendants, however, are not insisting upon their motion to dismiss, but do insist upon their motion for a summary judgment. In support of their motion for a summary judgment they have filed affidavits of Handler, Meyer, and Holden in which they set forth in detail the facts concerning the operation of this corporation from its beginning as reflected by the books of the corporation. These affidavits disclose that the plaintiffs never made any inquiry in regard to the affairs of the corporation; that they have never been denied access to the books of the corporation; that they had notice of the proposed meeting on March 2, 1940, and of the proposed action to be taken. There is an affidavit by the accountant who kept the books of the corporation, in which he sets out the financial condition of the corporation year by year since its organization. There are affidavits from persons qualified to make such affidavits as to the value of the assets of the corporation, and, according to

those affidavits, the assets were worth less than the amount named in the answer of the defendants as the value of the same.

The mere fact that the defendant, Handler, was the principal owner of the stock in the corporation and was its managing officer does not necessarily entitle the plaintiffs under the allegations made in their petition to a trial when the defendants by affidavits make a full and complete disclosure of the manner in which the corporation's affairs were wound up, especially when the plaintiffs do not attempt to question the affidavits.

It is the opinion of the court that the pleadings, the admissions in the pleadings, and the affidavits on file disclose that there is and can be no genuine issue as to any material fact upon a trial of this cause, and that therefore the defendants are entitled to a summary judgment dismissing the plaintiff's petition with prejudice, and that defendant, Handler, is entitled to a judgment on his cross-action quieting his title to the property that has been transferred to him. The attorney for the defendant will prepare in proper form a decree to be entered at Muskogee, Oklahoma, on February 3, 1941.