**TRAYLOR v. BLACK, SIVALLS &
BRYSON, Inc.**

No. 14225.

United States Court of Appeals
Eighth Circuit.

May 10, 1951.

Marcy K. Brown, Jr., Kansas City, Mo., for appellant.

Donald W. Johnson, Kansas City, Mo. (George L. Gordon and Kem, Gordon & Gilmore, all of Kansas City, Mo., on the brief), for appellee.

Before COLLET and STONE, Circuit Judges, and DELEHANT, District Judge.

DELEHANT, District Judge.

This is an appeal from a summary judgment rendered by the district court in favor of the appellee upon its motion therefor under Rule 56, Federal Rules of Civil Procedure, 28 U.S.C.A. We are persuaded that the trial court erred in granting the summary judgment.

Appellant instituted the action in the Circuit Court of Jackson County, Missouri, to recover commissions allegedly due him from the appellee as a part of his compensation for having procured, in pursuance of a written sales agreement, certain orders for the purchase of products manufactured and marketed by the appellee. His petition alleges that the appellee, a Delaware corporation, on August 23, 1946, succeeded through a corporate merger agreement to all rights and interests in Black, Sivalls and Bryson, Inc., a Maine corporation, (hereinafter referred to as "the corporation") engaged in the manufacture of various steel products, and assumed all of the corporation's outstanding liabilities; that, theretofore, and on January 1, 1943, the corporation entered into a sales agreement in writing with appellant whereby appellant was employed to procure, within territories specified in the agreement, orders for the products manufactured and marketed by the corporation and, as compensation therefor, was to receive a salary of $200.00 per month, plus necessary automobile, traveling and miscellaneous expenses, and a commission at the rate of five per cent on all orders obtained by appellant in his territory and accepted by the corporation, payable on or before the 15th day of the calendar month with respect to all orders which had been invoiced in the previous month; that appellant thereafter faithfully performed his duties under the contract and, between the dates of January 1, 1946 and July 1, 1946, while the contract still remained in full force and effect, secured four orders from the Socony-Vacuum Oil Company and two orders from the Skelly Oil Company for oil storage tanks of various designated types, having, according to the price schedules of the corporation then in effect, a total sale price of $317,522.00; that all of those orders were accepted by the corporation and delivered, with invoices, to the purchasers thereof, and that the corporation thereby became indebted to the appellant in the total sum of $15,876.10, only $2,952.24 of which has been paid to appellant, leaving a balance of $12,923.86 due to him. The petition also claims the right to recover certain sums representing salary which allegedly were unpaid; but, as will presently be seen, appellant appears to have withdrawn this claim, in large part, if not entirely.

The appellee took steps to remove the case to the United States District Court for the Western District of Missouri, Western Division, whose adequacy was not challenged in that court, and which, on this appeal, are formally asserted by both parties validly to have effected the removal. Whether the procedure for removal actually pursued was statutorily allowable at the time it was followed may reasonably be doubted. However, the action was clearly removable, Title 28 U.S.C.A. §§ 1332(a)(1) and 1441(a). And the failure to question, and the actual approval by the parties of, the procedure taken to achieve removal are sufficient to waive any "modal and formal" infirmities in that procedure. We raise no question concerning it.

Thereafter, appellant served upon appellee and filed with the court written interrogatories pursuant to Rule 33, Federal Rules of Civil Procedure; and answers thereto, together with exhibits requested by the appellant or explanatory of the answers, were served and filed by the appellee.

Appellee's amended answer admits the execution of the sales agreement on January 1, 1943, but denies the other principal allegations of the petition and the procurement by the appellant of one of the alleged orders of the Socony-Vacuum Oil Company, alleges that all commissions owing to the appellant by the appellee have been fully paid and discharged, and, of most significance in the determination of the matters presented by this appeal, sets up as separate defenses two alleged contracts between the appellant and the corporation under dates of June 29, 1946 and July 26, 1946, respectively, which have the ostensible effect of modifying the sales agreement of January 1, 1943. The first of those alleged contracts purports to be an agreement whereby, in the event that two orders by Socony-Vacuum Oil Company (being specifically described in the contract and two of the orders alleged in the petition, the procurement of which by appellant is not denied) shall be accepted by the corporation, the appellant agrees to accept and the corporation agrees to pay a commission of 2½% on the gross amount of one of the orders, or $1,449.50, and a commission of 1% on the gross amount of the other order, or $1,142.20. The contract states that the corporation is "in the process of determining whether or not it will accept said orders," and also declares that the commissions in it set forth "are in lieu of all other commissions of any kind or amount, including those set forth in the Sales Agreement of January 1, 1943," but that "except as amended by this Agreement, the Sales Agreement of January 1, 1943, shall as to all its terms and conditions remain in full force and effect." The consideration for the corporation's promise to pay and appellant's agreement to accept the newly stipulated commissions is expressly stated to be the acceptance of the orders by the corporation. The second alleged contract is in the form of a letter addressed by the corporation to the appellant and subscribed to by him in purported acceptance of its contents. The letter contains an agreement, which is stated to conform to prior verbal agreements between its corporate writer and its addressee, whereby, in consideration of the appellant's acceptance of the termination of the sales agreement of January 1, 1943, and of commissions thereafter set forth in the letter, and his waiver of a thirty day written notice of termination provided by the sales agreement, the corporation agrees to accept the orders and pay the commissions thereafter listed. Among the orders then listed are the three orders by Socony-Vacuum Oil Company, whose procurement by the appellant is not denied, and the two orders by the Skelly Oil Company alleged in the petition. The rate of commission undertaken to be paid on the two Socony-Vacuum Oil Company orders dealt with in the contract of June 29, 1946, is the same as provided in that contract, but an adjustment in the gross amount of those orders results in listed commissions of $1,462.00 and $1,142.-30, respectively, instead of the sums stipulated in the contract of June 29, 1946. The rate of commission to be paid on the third order by the Socony-Vacuum Oil Company is listed as five per cent. Full payment by appellee to appellant of the commissions so listed in the modification contracts to be due him is alleged in the answer.

When proceedings in this action were at the stage thus far related, appellee served and filed a motion for summary judgment which the district court overruled. Thereafter, following the filing of a deposition of the appellant taken in behalf of the appellee (before the service of the motion for summary judgment, but left unfiled until such motion had been ruled upon) and the filing of an affidavit by A. V. Smith, President of appellee corporation, the trial court, on the motion of the appellee, set aside the prior order overruling the motion for summary judgment and made and entered an order sustaining the motion for summary judgment and entering judgment accordingly. Appellant then served and filed a motion to set aside the summary judgment or, in the alternative, to set aside the judgment for the purpose of requiring the appellant to file a reply or an amended petition. In that motion, he expressly asserted, upon the basis of the deposition and answers to interroga-

tories, his contention, in respect of the two supplemental contracts, both that they were invalid for want of consideration and that his assent to them was obtained by fraud and misrepresentation on the appellee's part. The district court overruled the motion. This appeal followed.

A summary judgment is to be entered in a case if, but only if, the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Rule 56(c), Federal Rules of Civil Procedure. A summary judgment upon motion therefor by a defendant in an action should never be entered except where the defendant is entitled to its allowance beyond all doubt. To warrant its entry the facts conceded by the plaintiff, or demonstrated beyond reasonable question to exist, should show the right of the defendant to a judgment with such clarity as to leave no room for controversy, and they should show affirmatively that the plaintiff would not be entitled to recover under any discernible circumstances. Ramsouer v. Midland Valley R. Co., D.C.Ark., 44 F.Supp. 523, reversed on other grounds, 8 Cir., 135 F.2d 101. A summary judgment is an extreme remedy, and, under the rule, should be awarded only when the truth is quite clear. American Insurance Company v. Gentile Brothers Company, 5 Cir., 109 F.2d 732; Shultz v. Manufacturers & Traders Trust Company, D.C.N.Y., 1 F.R.D. 451; Drittel v. Friedman, D.C.N.Y., 60 F.Supp. 999; U. S. ex rel. Ryan v. Broderick, D.C.Kan., 59 F.Supp. 189. And all reasonable doubts touching the existence of a genuine issue as to a material fact must be resolved against the party moving for summary judgment. Sarnoff v. Ciaglia, 3 Cir., 165 F.2d 167.

The error into which the district judge was drawn in reaching his determination that the case was a proper one for the entry of a summary judgment becomes apparent, as we are persuaded, from a reading of the memorandum opinion filed by him in conjunction with the order sustaining the motion for summary judgment. Among other things, it is there said:

"Plaintiff admits signing the contract purporting to cancel the contract upon which the complaint is based. He says he read it and knew what it contained before signing it.

"In view of the state of the pleadings and the testimony of the plaintiff, I do not see how he can 'make a case' against the defendant based upon that contract. There seems to be no genuine issue as to any material fact.

"The plaintiff may have a cause of action against the defendant. If he has, it is upon some other ground than that alleged in his complaint, as shown by his own testimony. There has been no suggestion or request to amend his complaint to allege a cause of action based upon his testimony."

When appellant filed his petition in the Missouri state court he was guided entirely by the rules of practice administrable in that court. Under Missouri practice, appellant's petition was properly framed and any release, composition, settlement, discharge or matter of avoidance which appellant may have desired to plead in defense to appellee's eventual answer would properly have been set up in a reply. Sections 38 and 40, Missouri Code of Civil Procedure, Section 847.38, Laws 1943, p. 353, R.S.1949, §§ 509.070, 509.090. After the action was removed to the federal court, a reply was not only not required but was not even permissible, except by leave or order of the trial court granted in its sound discretion. Rule 7(a), Federal Rules of Civil Procedure; Gulf Refining Co. v. Fetschan, 6 Cir., 130 F.2d 129; American Cutting Alloys, Inc. v. General Electric Company, 2 Cir., 135 F.2d 502; First Presbyterian Church v. Rabbitt, 9 Cir., 118 F.2d 732.

No formal request, made by appellant before the entry of the judgment complained of, for leave to file a reply or amended petition appears in the record. However, on oral argument in this court, it was made to appear that such a request

was made informally by letter dated February 11, 1950 to the trial judge, a copy of which accompanies the record; but leave to file a reply or amended petition was never granted.

In addition to the statement by appellant of his position touching the supplemental contracts which is reflected in his motion to vacate the summary judgment, the effect of the pertinent rule of practice should be regarded. Under Rule 8(d), Federal Rules of Civil Procedure, averments in a pleading to which no responsive pleading is required or permitted are taken and considered as denied or avoided. Thus, no reply is necessary in order for the trial court—and this court on appeal—to consider, in like manner and with like effect as if they had been pleaded, any matters which appropriately support a denial or plea in avoidance of the defenses raised in the answer. Gulf Refining Co. v. Fetschan, supra; Jordan v. Hartford Accident & Indemnity Company, D.C.Mo., 77 F.Supp. 817; Lopata v. Handler, D.C.Okl., 37 F. Supp. 871; Cramer v. Aluminum Cooking Utensil Company, D.C.Pa., 1 F.R.D. 741.

Observing, then, especially the directions of Rule 8(d), and mindful of the contention of appellant already adverted to, it must be determined whether, upon the record before us, there is any genuine issue respecting a material fact which entitles the appellant to a trial.

Appellee's answers to the interrogatories of appellant contain statements, with respect to each of the purchase orders involved in this action, which disclose, among other things, the dates when the orders were received by the corporation, when they were entered on the corporation's books, when blueprints for the manufacture of the ordered tanks were made, when manufacture of the several tanks was commenced, when delivery was made to the several purchasers, and when payment for the tanks was made by the purchasers. Without unnecessarily detailed comment, it may be said that work on at least a part of certain and probably all the orders appears to have reached either the blueprint or manufacturing stage before the execution of one or both of the alleged modifica-

tion contracts of June 29, 1946 and July 26, 1946. No impossibility or delay in the filling of orders was occasioned by any lack of materials, labor or machinery.

Among the exhibits filed with the answers to interrogatories are letters which may reasonably be construed to show that, in one instance at least, the corporation acknowledged in writing to the purchaser the acceptance of the order before the dates of the modification agreements.

Testimony in appellant's deposition, taken under examination by opposing counsel, states that all of the orders dealt with in the contract of July 26, 1946, were received by the corporation before July, 1946, and, in many if not all instances, were received several weeks before July, 1946. Although appellant apparently admits having had knowledge that only parts of some of the orders were to be filled, he states clearly that he was in the corporation's factory frequently, and there personally saw some of the ordered tanks being manufactured before July, 1946. He also testifies concerning his checking with the engineer in charge of production as to the progress being made in manufacturing the tanks and states that he received personal congratulations from the president of the corporation before July, 1946, for having procured one of the orders. There is also testimony of personal knowledge by appellant that blueprints for some of the orders had been prepared before July, 1946. Only testimony admitting the execution of the modification contracts which contain statements to the effect that the orders had not then been accepted serves to controvert that contrary impression.

The affidavit of A. V. Smith, President of the appellee corporation, supports the allegation in the answer that one of the orders by Socony-Vacuum Company was not secured by the appellant, and states that two of the other orders by that company were not accepted by the corporation before June 29, 1946. To the contrary, however, may, and for our present purposes must, be considered the features of the answers to interrogatories and of the depositions already recalled briefly. And to the extent that Smith's affidavit unopposed by

a counter affidavit may be regarded as disputing—short of positively demonstrating the invalidity of—allegations of the plaintiff's petition, it has to be remembered that a defendant may not by motion for summary judgment and supporting affidavits force a plaintiff to try by affidavits material issues of his claim of which he is otherwise entitled to trial, and on occasion to a jury trial.

The grounds upon which the appellant urges that there is a genuine issue of material fact in this case requiring a trial—and which support the denial or plea in avoidance which we must consider as having been made in reply to the matters raised in the answer of the appellee—are, in our opinion, abundantly apparent in the record thus before us. By way of avoidance of the contracts of June 29, 1946, and July 26, 1946, appellant is to be taken as contending, first, that there was no valid consideration for those contracts, and, secondly, that they were induced by the false and fraudulent representations of the agent or agents of the corporation who participated in their execution.

In support of the first contention it is argued that the original sales agreement of January 1, 1943, contained a simple and unequivocal promise by the corporation to pay commissions at the rate therein provided in return for its receipt from appellant of orders acceptable to the corporation, that orders material to the suit procured by the appellant were accepted by the corporation before the execution of the two alleged modification contracts, that, therefore, the original sales agreement was fully executed and performed in respect of those orders to the extent of appellant's duties thereunder and the corporation was thereupon contractually obligated to pay the agreed five per cent commission, and that there could be no consideration for appellant's alleged subsequent agreement to take a lesser commission in exchange for the corporation's acceptance of orders which in reality had already been accepted.

Appellant's second contention, that the alleged modification contracts are invalid because induced by false statements or concealment rests upon his assertion that the president of the corporation told him, before the execution of those contracts, that the orders which he had procured had not been accepted and would not be accepted unless the new contracts touching commissions were made, and that the appellant relied upon the truth of those statements in signing the modification agreements.

The ultimate factual controversy upon which both of these contentions rest, therefore, is when the several disputed orders which were procured by the appellant were respectively accepted by the corporation. Upon this issue, we are convinced that there is substantial basis in the record to support appellant's view that the orders, or some, or parts, of them at least, were accepted before the execution of one or both of the two modification contracts, and certainly a sufficient showing that the issue, as raised by appellant, is genuine and one appropriate for resolution by trial.

This court observes and has been fully aware that the contract of January 1, 1943 provides in substance both that the decision of the corporation as to whether any order was procured by appellant was final and binding, and that unless and until orders obtained by appellant were accepted by the corporation no commission was due appellant on such orders. The former of those provisions, it would seem, could not have applicability except as to one of the orders involved in the case. Appellee's argument tends to support the thesis that under those clauses of the agreement the corporation's decision whether an order was or was not procured by appellant, and its acceptance or nonacceptance of an order are alike and equally and in all circumstances beyond question or challenge by appellant. Thus far, in considering the issues allowable upon the pleading of the contracts of June 29, 1946 and July 26, 1946, this court has assumed, without deciding, that in a proper setting that position might be correct, and, especially in reference to the acceptance of orders, has inquired principally concerning the existence of a real issue as to whether, despite the recitals of the later contracts, there had actually been an antecedent acceptance of the challenged orders.

But a further problem seems to lurk in the record. It may seriously be questioned whether the corporation's denial of appellant's procurement of an order or refusal to accept an order would be operative to protect it against a claim for commission under the original sales agreement, if appellant had performed all of his duties in relation to the order and the corporation's only reason for its action or inaction was rooted in its unwillingness to pay, or resolution to accomplish the reduction of, the stipulated commission upon the sale involved. It is recognized that that exact question has not been squarely presented to this court and was probably not submitted to or considered by the district court. Its consideration, however, may conceivably be appropriate during the further progress of the case, in determining whether the corporation, at the times of the 1936 contracts, occupied a position in which it might lawfully exact the appellant's waiver of part of his claim for commissions as a consideration for its acceptance of procured orders, even if it be granted that they were then wholly unaccepted. In default of actually formulated and substantiated issues upon the point, it is not considered appropriate that this court express a tentative opinion upon it. However, it is readily perceived that the presentation of such an issue, in part factual in part legal, is not precluded by the record now before the court and that it may well be tendered and decided in the district court upon such facts pertinent to it as may be developed.

With respect to appellant's claimed right to recover certain sums as salary, in distinction from commissions, testimony in his deposition discloses that he received his monthly salary until August 31, 1946. After the execution of the contract of July 26, 1946, appellant did no more for the corporation than to come to its office several times at the request of its president for the purpose of receiving a further job assignment. According to the deposition, appellant's appearances at the office were ignored, and his visits there ceased when his salary was terminated. Whether the salary claim is to be pressed further is uncertain. The developments in the case on its return to the district court will resolve any doubt concerning it.

The summary judgment made and given by the trial court must be, and is being, reversed and the action remanded for further proceedings in harmony herewith.

Reserved and remanded.