**BREWER v. SOCONY VACUUM OIL CO.**

Civ. No. 1–30.

United States District Court
S. D. Iowa, Davenport Division.
May 26, 1951.

Larned A. Waterman of Lane & Waterman, Davenport, Iowa, on defendant's motion for summary judgment.

F. J. MacLaughlin, of Davenport, Iowa, for respondent, with Gleason, Ward, Orff & Johnson, Minneapolis, Minn., on the brief.

RILEY, District Judge.

The motion of the defendant for summary judgment, filed herein on Sept. 19, 1950, was orally submitted to the court following which, at the request of counsel for each party, time was given to file written briefs, the last of which was filed on April 28, 1951. The thoroughness and completeness of both the oral and written presentation is acknowledged. The entire record made by the interrogatories and answers, requests for admissions and answers and the affidavit accompanying the summary judgment motion have been analyzed and considered. The court has regarded as a part of the pleadings plaintiff's "Amendment to Amended and Substituted Complaint", filed herein on March 13, 1951, with plaintiff's request for leave to amend, and this order will serve as an allowance of plaintiff's request.

The court must find that the motion for summary judgment cannot be sustained because the pleadings and record in their present form do not establish beyond all doubt the absence or presence of contributory negligence by the plaintiff, whether or not the defendant marked or labeled the drum in which the solvent was contained in the manner required by the laws of Iowa, that the negligence, if assumed to exist, of Mr. E. L. Simon, superintendent of the Interstate Power Company, in directing the plaintiff to use the solvent at the time and in the manner it was used operated as an intervening independent cause to relieve the defendant of any negligence of which it might have been guilty, nor that the failure of the defendant to have provided the statutory label or marking for the drum in question, did not proximately contribute to the injury of the plaintiff.

The defendant by its motion, utilizing the answers to interrogatories, the answers to requests for admissions and the matters revealed by the affidavits annexed to the motion, has not convinced the court that it is entitled to the allowance of a judgment summarily *beyond all doubt.* That must be the test of a motion for summary judgment made under Rule 56(c) of the Federal Rules of Civil Procedure, 28 U.S.C.A. Traylor v. Black, Sivalls & Bryson, Inc., 8 Cir., 189 F.2d 213, 216. In the opinion of Delehant, D. J., sitting with the Court of Appeals, it is said:

"A summary judgment upon motion therefor by a defendant in an action should never be entered except where the defendant is entitled to its allowance beyond all doubt. To warrant its entry the facts conceded by the plaintiff, or demonstrated beyond reasonable question to exist, should show the right of the defendant to a judgment with such clarity as to leave no room for controversy, and they should show affirmatively that the plaintiff would not be entitled to recover under any dis-

552

cernible circumstances. * * * And all reasonable doubts touching the existence of a genuine issue as to a material fact must be resolved against the party moving for summary judgment."

A careful review of this entire record does not permit the conclusion that "plaintiff would not be entitled to recover under any discernible circumstances."

It is therefore Ordered that defendant's motion for summary judgment herein be, and the same is, hereby denied. Defendant excepts.