**DURKIN, Secretary of Labor, v. CHAMBERS CONST. CO. et al.**

**Civ. A. No. 24–52.**

United States District Court
D. Nebraska, Lincoln Division.

Aug. 4, 1953.

See also, D.C., 106 F.Supp. 473.

William S. Tyson, Washington, D. C., Francis M. Cook, William C. Cull, and James M. Miller, Kansas City, Mo., for plaintiff.

Max Kier, of Lincoln, Neb., for defendants.

DELEHANT, District Judge.

Much earlier in the course of this litigation the court, by a memorandum opinion and order (filings 7 and 8), ruled adversely upon separate motions by the defendants for the dismissal of the complaint on the ground of its alleged failure to state a claim upon which relief could be granted. In its memorandum opinion, with specific reference to the position of the defendant, L. H. Chambers, the court said, D.C., 15 F.R.D. 47:

"That he is such an employer is by the complaint averred, and not demonstrated through specific allegations to be either mistaken or false. The validity of his characterization as an employer must be determined after the formulation of the issues, probably upon the formal trial of the action, possibly after appropriate discovery proceedings, by summary judgment."

In that observation no invitation was implied for the resort to the summary judgment procedure.

However, following certain discovery proceedings in the way of interrogatories and requests for admissions tendered by the defendants and answered in behalf of the plaintiff, the defendant L. H. Chambers served and filed a motion for summary judgment of dismissal in his behalf under Rule 56(b) and (c), Federal Rules of Civil Procedure, 28 U. S.C.A. (Filing 25), supported, as it is contended, by the antecedent pleadings and files in the action and by an accompanying affidavit of L. H. Chambers.

The motion for summary judgment is not well taken and is being denied and overruled. The reason for that course may be stated very briefly.

The court has already held that the complaint is adequate for the statement of a claim against L. H. Chambers on which relief can be granted. For the purpose of this ruling, that view is adhered to without further comment. The only questions which remain are, (a) whether the intervening discovery proceedings include factual concessions by the plaintiff that are effective to withdraw or nullify the claim of the complaint, and (b) whether the affidavit accompanying the present motion obviates the claim of the plaintiff against the individual defendant. Both of those questions must be answered negatively.

Of the discovery proceedings it may be said that, so far as they extend, they seek to support by admissions of the plaintiff a defense contention that L. H. Chambers' only participation in the matters in controversy was as president of the corporate defendant. The court freely recognizes that the record of the discovery steps tends to support that factual theory. But its support in point of fact is not final and conclusive, and it does not absolutely eliminate the possible existence of circumstances imposing a liability upon him.

The affidavit is quite inadequate for its purpose. If it be granted that it covers and denies all possible factual support for the plaintiff's claim of Chambers' liability, it is still insufficient as the basis for the entry of a summary judgment of dismissal of the complaint as to him. Thus regarded, it simply discloses that Chambers denies the plaintiff's charge against him and is prepared to testify in support of his denial. It thereby reveals a genuine issue of material fact as between the plaintiff and the defendant L. H. Chambers. It does not resolve or eliminate that issue or de-

prive the plaintiff of the right to have it tried in the usual way or to adduce evidence in support of his position. And it may be declared very simply but positively that the service and filing of such an affidavit imposed upon the plaintiff no burden or obligation of embarking upon a swearing match with Chambers through the device of opposing affidavits. The court recognizes and accords to the plaintiff the right to try his case in the conventional way in open court.

The stern test by which a motion for a summary judgment must be appraised has frequently been emphasized by the Court of Appeals, Eighth Circuit. Walling v. Fairmont Creamery Co., 8 Cir., 139 F.2d 318; Walling v. Reid, 8 Cir., 139 F.2d 323; Traylor v. Black, Sivalls & Bryson Inc., 8 Cir., 189 F.2d 213. Each of the two Walling cases arose under the Fair Labor Standards Act, as does the present action. In the opinion in the Traylor case, the writer hereof undertook to compress into a brief statement, see 189 F.2d at page 216, the general requirements which should be met before a summary judgment is entered. It is considered unnecessary presently to repeat or enlarge upon that effort.

An order is being entered accordingly. And the action will now stand for an early trial.