**BURNDY CORPORATION, Appellant,**
v.
**F. L. CAHILL and National Connector Corporation, Appellees.**

No. 16878.

United States Court of Appeals
Eighth Circuit.

April 20, 1962.

George M. Szabad, of Blum, Jolles, Haimoff, Szabad & Gersen, New York City, Charles A. Cox, of Maslon, Kaplan, Edelman, Joseph & Borman, Minneapolis, Minn., on the brief, for appellant.

Arlen C. Christenson, of Lindquist, Fraser & Magnuson, Minneapolis, Minn., for appellee National Connector Corporation.

Sherman Winthrop, of Oppenheimer, Hodgson, Brown, Baer & Wolff, St. Paul, Minn., Robert B. Hawkins, St. Paul, Minn., on the brief, for appellee F. L. Cahill.

Before SANBORN and MATTHES, Circuit Judges, and GRAVEN, District Judge.

SANBORN, Circuit Judge.

This is an appeal from an order dismissing the complaint of the plaintiff, Burndy Corporation (Burndy), in an action brought against F. L. Cahill and National Connector Corporation (National) on April 3, 1961, for an injunction to compel performance of the provisions of an employment contract between Burndy and Cahill and to recover damages for its breach. Jurisdiction is based on diversity of citizenship and amount in controversy.

Cahill is the Director of Sales and Marketing for National, having entered its employ on January 5, 1961. Prior to December 15, 1960, he had been the Sales Manager of the Toledo Facility of Burndy's Omaton Division, under an employment contract entered into by him with Burndy in Ohio on June 10, 1959, which contract contained a restrictive covenant under which Cahill agreed not to accept employment with any competitor of Burndy for two years after termination of his employment with that company.[1] The contract also contained provisions against the use by Cahill of confidential information, including lists of customers, knowledge of their needs, technology, etc., acquired by him from Burndy while in its employ. Cahill voluntarily terminated his employment with Burndy on December 15, 1960.

Burndy makes and sells thousands of types and sizes of electrical conductors for use in the electrical and electronics industries, including connectors for customers' requirements. It markets its products throughout the world. National is a competitor of Burndy in the manufacture and marketing of connectors,

---

[1] The restrictive covenant in suit is quoted in full in the opinion of the District Court, 196 F.Supp. 619, 620, and need not be requoted by us.

and was or became aware of Cahill's employment agreement with Burndy. Cahill, on behalf of National, has been dealing with customers of Burndy with whom he formerly dealt while Sales Manager for its Toledo Facility, and has been in contact with Burndy's suppliers in attempting to obtain from them items that Burndy provides for certain of its customers.

The facts, which we have generally and briefly stated above, are taken from Burndy's complaint, which states its claim in much greater detail. The record on appeal consists of the complaint; an amendment to it; the motion of the plaintiff for a preliminary injunction, filed April 27, 1961; the motion of the defendants, filed May 5, 1961, to dismiss the complaint for failure to state a claim upon which relief can be granted; the Memorandum and Order of the District Court, dated August 4, 1961, granting the motion to dismiss (reported in 196 F.Supp. 619); the Clerk's notice of entry of judgment; the notice of appeal; and the docket entries of the District Court.

The District Court was convinced that the restrictive covenant of the employment contract between Burndy and Cahill, which contained no geographical limitation, was void on that account under applicable Ohio law. The grounds for that conclusion are fully stated in the court's carefully considered opinion. It is the contention of Burndy that the court has misconceived the applicable law of Ohio, and that there are valid reasons to believe that the Supreme Court of that State would not now rule that a restrictive covenant such as that in suit entered into by a sales manager of a division of a corporation doing a world-wide business and his employer was void from its inception and a complete nullity.

We are of the opinion that whether the views of the District Court as to the applicable law of Ohio are or are not correct, there is sufficient doubt about the law of that State relating to restrictive covenants to entitle Burndy to a trial on the merits of its claim and thus to enable it to make such a record in the trial court as Burndy thinks will or may entitle it to the relief for which it asks, or some part of it. In Thomason v. Hospital T. V. Rentals, Inc., 272 F.2d 263, 266, this Court said:

"The attitude of this Court toward attempts to terminate litigation, believed to be without merit, by dismissing a complaint for insufficiency of statement has been adequately stated in Publicity Building Realty Corp. v. Hannegan, 8 Cir., 139 F.2d 583, 586–587, and restated in Lada v. Wilkie [8 Cir., 250 F.2d 211], supra, at pages 212–213 of 250 F.2d. No matter how reasonably it may be surmised or predicted that a plaintiff will be unable to establish on a trial the claim stated in his complaint or to obtain any relief, he is, nevertheless, entitled to make the attempt unless it appears beyond doubt that he can prove no set of facts in support of his claim which would entitle him to any relief. Conley v. Gibson [355 U.S. 41], supra, at pages 45–48 of 355 U.S., at pages 101–103 of 78 S.Ct. [2 L.Ed.2d 80]."

See, also, Dennis v. Village of Tonka Bay, 8 Cir., 151 F.2d 411.

We shall go no further than to say that we think the plaintiff is entitled to a trial.

The order appealed from is vacated and the case is remanded with directions to reinstate the plaintiff's complaint and try the case on the merits.