James Malcolm WILLIAMS, Plaintiff,

v.

UNITED STATES of America, Defendant.

No. 4–71 Civ. 340.

United States District Court,
D. Minnesota,
Fourth Division.

Jan. 12, 1972.

John Remington Graham, Minneapolis, Minn., for plaintiff.

Robert G. Renner, U. S. Atty., by Elizabeth A. Egan, Asst. U. S. Atty., for defendant.

NEVILLE, District Judge.

The complaint in this suit alleges that on October 29, 1970 the United States of America wrongfully levied upon certain currency which was not the property of the party named in the levy, and in any event was subject to a prior lien and assignment to the plaintiff.

Plaintiff, an attorney and member of the bar of the State of Minnesota, asserts that on October 27, 1970 at 7:30 P.M., the FBI and the Hennepin County Sheriff confiscated some $8,000 in cash in a safe during a marijuana raid at a residence wherein one Stanley Zane Cutts and one Terry Allan Clark were residing. On this same day at 11:00 P.M., plaintiff states he received a telephone call from Mr. Clark and Mr. Cutts. Plaintiff agreed to represent them as an attorney and to defend Mr. Clark and

Mr. Cutts in exchange for Cutts' assigning the $8,000 which he claims belonged to him, to the plaintiff for legal fees and costs. The assignment was reduced to writing but not until Monday, November 2, 1970.

In the meantime, on October 30, 1970, Mr. Terry Allan Clark (and apparently not Cutts) was served with a jeopardy assessment issued by the Internal Revenue Service for marijuana taxes due, in the amount of $4,000.

On November 3, 1970 when the plaintiff's written assignment was presented to the Hennepin County Sheriff's office, the plaintiff was informed that $4,000 of the seized money had been levied upon and turned over to the Internal Revenue Service pursuant to a notice of levy on the jeopardy assessment and the issuance of a receipt. The remaining $4,000 was delivered to plaintiff, who alleges that the additional $4,000 turned over to the Internal Revenue Service belonged to Cutts and not to the named person in the levy, i. e., Clark, and furthermore that under Minnesota law he had a prior lien on the money no matter to whom it belonged.

■ The question presented by the motion for summary judgment is whether there is a factual dispute as to who owned title to the money. Both the plaintiff and the Government rely upon affidavits in support of their contention. The plaintiff's affidavits support the allegation that Cutts owned the money. The Government's affidavit disputes this contention by stating in part that the $8,000 in cash was seized from a safe which contained numerous documents bearing the name of Terry Clark. This fact coupled with the alleged statement by Terry Clark that he resided in the house where the cash was taken, suggest that there is or well may be a genuine issue of fact involved.

■ The Eighth Circuit has several times indicated and stated that summary judgment under Rule 56 of the Federal Rules of Civil Procedure is an extrordi-

nary remedy and should be granted very, very sparingly.

" 'A summary judgment should be used only in "extreme" situations. To grant a summary judgment under Rule 56, a party must be entitled to relief "beyond all doubt" without "room for controversy". Recovery must be barred beyond "any discernible circumstances." See Traylor v. Black, Sivalls & Bryson, Inc., 8 Cir., 189 F.2d 213 [1951]. As Judge Parker said in Pierce v. Ford Motor Co., 4 Cir., 190 F.2d 910, at 915 [1951]:

> " * * * It is only where it is perfectly clear that there are no issues in the case that a summary judgment is proper. Even in cases where the judge is of opinion that he will have to direct a verdict for one party or the other on the issues that have been raised, he should ordinarily hear the evidence and direct the verdict rather than attempt to try the case in advance on a motion for summary judgment, which was never intended to enable parties to evade jury trials or have the judge weigh evidence in advance of its being presented. * * * " '

Williams v. Chick, 373 F.2d 330, 331 (8th Cir. 1967).

'We need not repeat in detail our concern of summary dismissal under Rule 56. If there exists the slightest doubt as to a factual dispute or "genuine issue of fact," summary judgment should be denied. Poller v. Columbia Broadcasting System, Inc., 368 U.S. 464, 82 S.Ct. 486, 7 L.Ed.2d 458 (1962); Williams v. Chick, 373 F.2d 330 (8 Cir. 1967); Larsen v. General Motors Corp., 391 F.2d 495, 8 Cir., March 11, 1968.'

Clausen & Sons, Inc. v. Theo. Hamm Brewing Co., 395 F.2d 388, 389 (8th Cir. 1968)."

United States for Use of M. G. Astleford Co. v. S. J. Groves & Sons Co., 53 F.R.D. 656 (D.Minn.1971).

As to the validity or effect of the assignment notice of which is said to have been orally given to the Sheriff who was in possession of the funds prior to the government's levy although the written assignment is not dated until thereafter, this again may present a fact question and if plaintiff's contention in this regard has any validity, it should await the trial and be determined finally after presentation of the evidence.

▮ Plaintiff asserts that the entire Internal Revenue Service system of jeopardy assessments is unconstitutional as a denial of due process and violative of Clark's rights under the Fifth Amendment. No authorities are cited in support of these propositions, nor is there any answering brief by the government. Plaintiff apparently contends that since there was no advance notice and opportunity for a hearing before seizure of property, then following the reasoning in Sniadach v. Family Finance Corp., 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969), the statute authorizing jeopardy assessments is unconstitutional.

The court is not persuaded that the rationale and holding of *Sniadach* requires invalidating the Jeopardy Assessment statutes. It held the Fourteenth Amendment due process clause was violated by a Wisconsin statute permitting pre-judgment garnishment of wages without notice and a prior judicial type hearing on the merits of the claim against the garnisheed wage earner. The court determined wages to be a "specialized type of property presenting distinct problems in our economic system". The court further commented that "But in the present case no situation requiring special protection to *a state* or creditor interest is presented by the facts." Justice Douglas, the writer of the majority opinion cites several cases, as though to distinguish them from the *Sniadach* holding, where a governmental agency was permitted to take immediate possession of property without prior notice or hearing and without violating due process. Coffin Bros. & Co. v. Bennett, 277 U.S. 29, 48 S.Ct. 422, 72 L.Ed. 768 (1928) (lien on assets by Supt. of Banks after bank ceased business); Fahey v. Mallonee, 332 U.S. 245, 67 S.Ct. 1552, 91 L.Ed. 2030 (1947) (immediate taking of possession of assets by conservator acting on orders of Federal Home Loan Bank Commissioner); Ewing v. Mytinger & Casselberry, Inc., 339 U.S. 594, 70 S.Ct. 870, 94 L.Ed. 1088 (1950) (pre-hearing seizure of misbranded articles under Federal Food & Drug Act). None of these cases are analogous to *Sniadach* nor involve the economic or social considerations there extant where the court lays great emphasis on the social problems created by indiscriminate garnishment of wages, a fact evidenced by the Court's stressing at page 340 of 395 U.S. at page 1822 of 89 S.Ct. that a pre-judgment garnishment is "a taking which may impose tremendous hardships on wage earners with families to support." In the case at bar, there are no wages involved nor is there any evidence that a wage earner's family will be exposed to hardship and far more realistically there is a " . . . situation requiring special protection to a state or creditor interest . . . ", namely, protection of the Internal Revenue's Jeopardy Assessment procedure and the preventing of the possible and apparently from the facts evolved the very likely transfer or attempt to transfer the money here seized beyond the reach of the government. The court therefore overrules plaintiff's contention that the Internal Revenue Service jeopardy assessment procedure is invalid or unconstitutional as applied to the case at bar.

A separate order has been entered.