**NOEL TRANSFER & PACKAGE DELIVERY SERVICE, INC., Plaintiff,**

v.

**GENERAL MOTORS CORPORATION, a Delaware Corporation, Defendant.**

**No. 3–71–Civ.–120.**

United States District Court,
D. Minnesota,
Third Division.

May 10, 1972.

Kelly & Finley, James F. Finley, St. Paul, Minn., for plaintiff.

Haverstock, Gray, Plant, Mooty & Anderson, Richard A. Bowman, Minneapolis, Minn., for defendant.

## MEMORANDUM AND ORDER

DEVITT, Chief Judge.

Three issues are raised by defendant's motion for summary judgment filed under Rule 56 of the Federal Rules of Civil Procedure. These issues are: (1) Whether plaintiff's claims are barred by the statute of limitations; (2) Whether plaintiff's causes of action predicated upon breach of express and implied warranty as well as those based upon defendant's negligence are precluded by the disclaimer contained in the new vehicle warranty allegedly covering the vehicles which are the subject matter of this suit; and (3) Whether plaintiff's strict liability claim for economic or commercial loss is cognizable under Minnesota law.

The parties are in general disagreement on the facts. Insofar as they may be said to be undisputed, these facts reflect that in 1965 plaintiff entered into one or more contracts with defendant for the purchase of 32, 1965 Chevrolet, Toro-Flo diesel trucks to be specially made and equipped for plaintiff. Plaintiff and defendant cannot agree on when the contract or contracts were entered into, on whether the parties incorporated the alleged new vehicle warranty into these contracts, on whether this new vehicle warranty was delivered to plaintiff or on whether there had been any additional representations or warranties made by or on behalf of defendant in regard to the trucks in question.

The Eighth Circuit has advised us that a motion for summary judgment is a motion which should be granted only with caution. McSpadden v. Mullins, 456 F.2d 428 (8th Cir. 1972); Cohen v. Curtis Publishing Co., 31 F.R.D. 569 (D.Minn.1962), aff'd. Cohen v. Time, Inc., 312 F.2d 747 (8th Cir. 1963), cert. denied, 375 U.S. 850, 84 S.Ct. 106, 11 L.Ed.2d 77 (1963). The standard to be applied is whether the moving party is entitled to the relief sought beyond all doubt and without room for controversy. Clausen & Sons, Inc. v. Theo. Hamm Brewing Co., 395 F.2d 388 (8th Cir. 1968); Larsen v. General Motors Corp., 391 F.2d 495 (8th Cir. 1968); Williams v. Chick, 373 F.2d 330 (8th Cir. 1967); Traylor v. Black, Sivalls & Bryson Inc., 189 F.2d 213 (8th Cir. 1951). For the court to grant such a motion it must be clear that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c).

Defendant first alleges that plaintiff's claims are barred by the statute of limitations which under Minnesota law is six years for actions based upon breach of warranty.[1] Although the affidavit of Thomas Krebsbach, filed in support of defendant's motion, indicates that the agreement in question was arrived at prior to May 1, 1965, the affidavit of Michael Noel, filed in opposition to defendant's motion, indicates that the contract was in fact made in June or August of 1965. This affidavit is supported by copies of conditional sales contracts, one undated and one dated August 19, 1965. Since this suit was brought on May 20, 1971 and it cannot

---

1. The statute, M.S.A. § 541.05, requires that such an action be commenced within six years. The parties are in agreement that this is the statute of limitations which applies. It should be noted that the sale in question is not covered by the Uniform Commercial Code which became effective in Minnesota on July 1, 1966.

be said that there are no genuine issues of material fact as to when the contract or contracts were entered into, defendant's motion, insofar as it is based upon the expiration of the statute of limitations, must be denied.

Defendant next urges that the disclaimer and limitations of remedy provisions of the new vehicle warranty effectively preclude plaintiff from raising any claim based upon breach of additional express warranty, implied warranty, or negligence. The new vehicle warranty provides, "This warranty is expressly in lieu of any other warranties, expressed or implied, including any implied warranty of merchantability or fitness for a particular purpose, and of any other obligations or liability on the part of the manufacturer. . . ." The limitation of remedy section provides, "Chevrolet Motor Divisions' obligation under this warranty . . . [is] limited to repairing or replacing . . . any part or parts thereof which shall, within twenty-four (24) months . . . or . . . twenty-four thousand (24,000) miles . . ." [prove to be defective].

It is defendant's position that this particular warranty contains the sole representations covering the vehicles in question and precludes the existence of any other warranties express or implied. Defendant further contends that the limitations of remedy provisions requires plaintiff to seek the repair or replacement of parts within the twenty-four month period and prohibits plaintiff from seeking relief by way of this suit.

■ But the mere existence of these provisions does not entitle defendant to recovery. Under Minnesota law since any warranty disclaimer must be treated as an affirmative defense, the burden is upon the party asserting the disclaimer to establish that the disclaimer was delivered at the time of sale and constituted an integral part of the transaction. Dougall v. Brown Bay Boat Works and Sales Inc., 287 Minn. 290, 178 N.W.2d 217 (1970). In regard to the effectiveness of such a disclaimer the ultimate fact issue is whether under the circumstances surrounding the alleged disclaimer such approaches, ". . . the dignity of an express agreement comprehended by Minn.St.1961 § 512.71." Dougall, 287 Minn. at 298, 178 N.W.2d at 223.[2]

■ Since the affidavits filed in support of and in opposition to defendant's motion are in dispute as to the circumstances surrounding the delivery of the disclaimer; and since if the disclaimer is not effective, plaintiff may prove other express or implied warranties as well as seek recovery predicated upon defendant's negligence; it is clear that defendant's motion for summary judgment based upon the effectiveness of the purported disclaimer and limitation of remedy does raise genuine issues of material fact and must also therefore be denied.

■■ The third ground for defendant's motion is that plaintiff may not under Minnesota law recover economic or commercial loss based upon the theory of strict liability. There is disagreement among the jurisdictions which have considered the problem of whether strict liability will support the recovery of commercial loss. Some jurisdictions allow such recovery, Santor v. A. & M. Karagheusian, Inc., 44 N.J. 52, 207 A.2d 305 (1965), and some do not. Seely v. White Motor Co., 63 Cal.2d 9, 45 Cal. Rptr. 17, 403 P.2d 145 (1965). Although the Minnesota Supreme Court has not directly passed upon this question, it appears that in Minnesota the doctrine of strict liability does not apply beyond the area of physical harm caused to the user or his property. See, Farr v. Armstrong Rubber Co., 288 Minn. 83, 179 N.W.2d 64 (1970) (citing Seely); Kerr v. Corning Glass Works, 284 Minn. 115, 169 N.W.2d 587 (1969); Mc-

2. M.S.A. § 512.71 provides, "Where any right, duty or liability would arise under a contract to sell or a sale by impli- cation of law, it may be negatived or varied by express agreement . . . ."

Cormack v. Handscraft Co., Inc., 278 Minn. 322, 154 N.W.2d 488 (1967); Restatement (Second) of Torts § 402A. Since there are no claims of physical injury either to plaintiff or to his property, plaintiff under Minnesota law may not here assert any cause of action based upon strict liability. In this regard defendant's motion will be granted.

Therefore, with the exception discussed herein, defendant's motion for summary judgment must be, and hereby is,

Denied.