**CHARMOLL FASHIONS, INC.,**
Plaintiff,

v.

**TEXORA INTERNATIONAL CORP.,**
Defendant.

No. 3–73–Civ–39.

United States District Court,
D. Minnesota,
Third Division.

April 16, 1973.

Lifson, Kelber, Bouthilet, Abrahamson, Breuning & Weinstein, Maher J. Weinstein, Minneapolis, Minn., for plaintiff.

Levin & Harris, Alan D. Harris, Minneapolis, Minn., for defendant.

## MEMORANDUM & ORDER
## ON REHEARING

DEVITT, Chief Judge.

Defendant requests the Court to reconsider its denial of defendant's motion to dismiss or for summary judgment entered April 4, 1973. The Court denied these motions, because it found a genuine issue of material fact to exist as to whether the arbitration award had been repudiated.

██ Defendant protests the Court's retention of jurisdiction, contending that under the purchase contract all issues pertaining to arbitration are referable to the New York courts. This argument is premature. The question of whether the award has been repudiated is the narrow one facing this Court. In fact, at this juncture the only issue presented is whether a genuine fact issue exists. As stated in Wright & Miller, Federal Practice and Procedure, § 2712 at 378–379:

> "There has been considerable misunderstanding about the proper role of Rule 56. A motion for summary judgment lies only where there is no genuine issue of material fact; summary judgment is not a substitute for the trial of disputed fact issues. Accordingly, the court cannot try issues of fact on a Rule 56 motion but only is empowered to determine whether there are issues to be tried."

██ The Eighth Circuit Court of Appeals views summary judgment as an extreme remedy which rarely should be granted. We in the district courts are reminded of this regularly. Some 20 years ago the Court of Appeals, in Traylor v. Black, Sivalls & Bryson, Inc., 189 F.2d 213, 216 (8th Cir. 1951), set forth the general policy of this circuit with regard to the entry of summary judgment:

> "A summary judgment is to be entered in a case if, but only if, the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Rule 56(c), Federal Rules of Civil Procedure. A summary judgment upon motion therefor by a defendant in an action should never be entered except where the defendant is entitled to its allowance *beyond all doubt*. To warrant its entry the facts conceded by the plaintiff, or demonstrated beyond reasonable question to exist, should show the right of the defendant to a judgment with such clarity *as to leave no room for controversy*, and they should show affirmatively that the plaintiff would not be entitled to recover *under any discernible circumstances*. * * * A summary judgment is an extreme remedy, and, under the rule, should be awarded only when the truth is quite clear. * * * And all reasonable doubts touching the existence of a genuine issue as to a material fact must be resolved against the party moving for summary judgment. * * *" (citations omitted) (emphasis added)

In reversing the district courts time and time again, the Court of Appeals has referred to this expression. See, e.

g., Minnesota Bearing Co. v. White Motor Corp., 470 F.2d 1323, 1328 (8th Cir. 1973); Cervantes v. Time, Inc., 464 F.2d 986, 993 (8th Cir. 1972), cert. denied, 409 U.S. 1125, 93 S.Ct. 939, 35 L.Ed.2d 257 (1973); McSpadden v. Mullins, 456 F.2d 428, 430 (8th Cir. 1972); Clausen & Sons, Inc. v. Theo. Hamm Brewing Co., 395 F.2d 388, 389 (8th Cir. 1968); Williams v. Chick, 373 F.2d 330, 331 (8th Cir. 1967); United States v. Farmers Mut. Ins. Ass'n., 288 F.2d 560, 562 (8th Cir. 1961); Kennedy v. Bennett, 261 F.2d 20, 22 (8th Cir. 1958); Northwestern Auto Parts Co. v. Chicago Burlington & Quincy R. Co., 240 F.2d 743, 746 (8th Cir.), cert. denied, 355 U.S. 815, 78 S.Ct. 16, 2 L.Ed.2d 32 (1957); Warner v. First National Bank of Minneapolis, 236 F.2d 853, 857 (8th Cir.), cert. denied, 352 U.S. 927, 77 S.Ct. 226, 1 L.Ed.2d 162 (1956); Caylor v. Virden, 217 F.2d 739, 741–742 (8th Cir. 1955).

The district courts in this judicial district have honored this strict view of summary judgment in a number of cases. E. g., Noel Transfer & Package Delivery Service, Inc. v. General Motors Corp., 341 F.Supp. 968, 969 (D.Minn.1972); Williams v. United States, 336 F.Supp. 1392, 1393 (D.Minn.1972); United States v. S. J. Groves & Sons Co., 53 F.R.D. 656, 659 (D.Minn.1971); Lucas v. Seagrave Corp., 277 F.Supp. 338, 346–347 (D.Minn.1967); Montgomery Ward & Co. v. Fotopoulos, 32 F.R.D. 333, 334 (D.Minn.1963); John Wright & Associates, Inc. v. Ullrich, 26 F.R.D. 19, 20 (D.Minn.1960); Fred Johnson Cement Block Co. v. Waylite Co., 182 F.Supp. 914, 918 (D.Minn.1960); Struthers v. Robertson Lumber Co., 173 F.Supp. 204, 205 (D.Minn.1959).

The Eighth Circuit also said in Northwestern Auto Parts Co., *supra*, 240 F.2d at 746:

" * * * a summary judgment upon motion therefor by a defendant should never be entered except where the defendant is entitled to its allowance beyond all doubt; only where the conceded facts show defendant's right with such clarity as to leave no room for controversy; with all reasonable doubts touching the existence of a genuine issue as to a material fact resolved against the movant; giving the benefit of all reasonable inferences that may reasonably be drawn from the evidence to the party moved against. *'That one reasonably may surmise that the plaintiff is unlikely to prevail upon a trial, is not a sufficient basis for refusing him his day in court* with respect to issues which are not shown to be sham, frivolous, or so unsubstantial that it would obviously be futile to try them.' Sprague v. Vogt, 8 Cir., 150 F.2d 795, 801 * * *" (citations omitted) (emphasis added)

This statement also has been repeated time and time again. E. g. United Pacific Ins. Co. v. United States, 296 F.2d 160, 165–166 (8th Cir. 1961); Armco Steel Corp. v. Realty Investment Co., 273 F.2d 483, 484–485 (8th Cir. 1960); Booth v. Barber Transportation Co., 256 F.2d 927, 928 (8th Cir. 1958); Realty Investment Co. v. Armco Steel Corp., 255 F.2d 323, 325 (8th Cir. 1958); Severson v. Fleck, 251 F.2d 920, 922 (8th Cir. 1958); Long v. Arkansas Foundry Co., 247 F.2d 366, 369 (8th Cir. 1957).

The test with respect to motions to dismiss is no different. Judge Sanborn capsulized the attitude of the Eighth Circuit toward these motions in Thomason v. Hospital T. V. Rentals, Inc., 272 F.2d 263, 266 (8th Cir. 1959), as follows:

"No matter how reasonably it may be surmised or predicted that a plaintiff will be unable to establish on a trial the claim stated in his complaint or to obtain any relief, he is, nevertheless, entitled to make the attempt unless it appears beyond doubt that he can prove no set of facts in support of his claim which would entitle him to any relief."

These principles have been reiterated and emphasized in Great A. & P. Tea

Co. v. Amalgamated Meat Cutters, Etc., 410 F.2d 650, 652 (8th Cir. 1969); Kash Industries, Inc. v. Petersen Manufacturing Co., 332 F.2d 1002, 1005 (8th Cir. 1964); Highland Supply Corp. v. Reynolds Metals Co., 327 F.2d 725, 729–730 (8th Cir. 1964); Guyton v. Solomon Dehydrating Co., 302 F.2d 283, 286 (8th Cir.), cert. denied, 371 U.S. 817, 83 S.Ct. 32, 9 L.Ed.2d 58 (1962); Burndy Corp. v. Cahill, 301 F.2d 448, 449 (8th Cir. 1962); United States v. Farmers Mut. Ins. Ass'n., 288 F.2d 560, 562 (8th Cir. 1961). To the same effect see 1A Barron & Holtzoff, Federal Practice and Procedure, § 255; C. Wright, Federal Courts, § 68 (1963).

Plaintiff has represented that evidence can be introduced showing a bona fide repudiation of the award. However unlikely its claim may appear at this time, plaintiff is entitled to have his day in court.

Defendant insists that the Court should decline jurisdiction because it is "federal policy" that matters arbitrable be resolved by arbitration. Prima Paint Corp. v. Flood & Conklin Mfg. Co., 388 U.S. 395, 87 S.Ct. 1801, 18 L.Ed.2d 1270 (1967), expresses this "policy" in the context of the United States Arbitration Act, 9 U.S.C. § 1 et seq. No motion to stay pending arbitration has been filed pursuant to 9 U.S.C. § 3 as in *Prima Paint*. And no claim has been made that the narrow issue before this court— whether the award has been repudiated— falls under the parties' arbitration clause. The issue of repudiation is properly before this Court. Nothing in the Arbitration Act forbids voluntary repudiation of awards.

Defendant has requested this Court to certify for appeal its denial of the motion for summary judgment or dismissal pursuant to 28 U.S.C. § 1292 (b). We are convinced that the issue involved does not merit certification, and that certification would prolong, rather than materially advance termination of,

this lawsuit. In Control Data Corp. v. International Business Machine Corp., 421 F.2d 323, 325 (8th Cir. 1970), Judge Lay said:

"It has, of course, long been the policy of the courts to discourage piecemeal appeals because most often such appeals result in additional burdens to both the court and the litigants. Permission to allow interlocutory appeals should thus be granted sparingly and with discrimination. * * * In order to permit interlocutory appeals the issues involved should, in the determination of the appellate court, as well as the trial court, raise a controlling question of law and must materially advance the ultimate termination of the law suit."

For the foregoing reasons, the Court persists in its denial of defendant's motion to dismiss or alternatively for summary judgment; defendant's request for certification of the issue for appeal is denied.