218 F.2d 553
 UNION TRANSFER COMPANY, a corporation, Trailmobile, Inc., a corporation, and Employers Mutual Casualty Company, a corporation, Appellants,
v.
RISS & COMPANY, Inc., a corporation, Appellee.
 No. 15145.
 United States Court of Appeals, Eighth Circuit.
 January 17, 1955.
 
 William H. Sanders, Kansas City, Mo. (Stanley Garrity, Scott R. Timmons and Caldwell, Downing, Garrity & Eastin, Kansas City, Mo., on the brief), for appellants.
 Don M. Jackson, Kansas City, Mo. (John H. Kreamer and Gage, Hillix, Moore, Park & Jackson, Kansas City, Mo., on the brief), for appellee.
 Before SANBORN, WOODROUGH and JOHNSEN, Circuit Judges.
 SANBORN, Circuit Judge.
 
 
 1
 This is an appeal from a summary judgment for the defendant (appellee) in an action brought to recover the value of a trailer in which each of the plaintiffs had an interest and which was stolen from the defendant's parking lot in Louisville, Kentucky, on or about June 18, 1951. The substance of the plaintiffs' claim is that the defendant was, at the time of the loss, a bailee of the trailer for the mutual benefit of the parties, and that the loss was due to the defendant's negligence. The defendant denied liability. Federal jurisdiction is based on diversity of citizenship and amount in controversy.
 
 
 2
 The motion of the defendant for summary judgment under Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A., was submitted upon the pleadings, depositions and admissions on file. The District Court, in its order granting the defendant's motion, said:
 
 
 3
 "Plaintiffs premise their right of recovery herein on the existence of a mutual bailment, or one for hire. There is no evidence in this record to sustain that character of bailment, even if plaintiffs are given the benefit of all reasonable inferences that may be made from the facts established in evidence. Absent substantial evidence as to the existence of that matter, the plaintiffs are not entitled to have that issue submitted to a jury.
 
 
 4
 "The evidence is totally void of any fact that Riss & Company had any control over the trailer, after Grantski [driver of the tractor-trailer] parked it on Riss & Company's parking lot, with permission of Riss' dispatcher. Plaintiffs' assumption of that important fact, or reliance in proof thereof on selfserving statements made by Grantski, is not substantial evidence of the existence of control in Riss.
 
 
 5
 "Where a person merely agrees to permit another to park his vehicle on the former's lot, and the lot-owner does not assume control over the vehicle, he is only responsible as a gratuitous bailee, i. e. for gross negligence. Plaintiffs do not contend before the Court that Riss & Company is chargeable with, or guilty of, gross negligence in the premises.
 
 
 6
 "Therefore, plaintiffs have no right of action against Riss & Company, and defendant's motion for summary judgment should be sustained; the same as we would direct a verdict against the plaintiffs upon failure to prove gross negligence on the part of Riss & Company. The Clerk is ordered to enter judgment herein dismissing plaintiffs' complaint, with prejudice."
 
 
 7
 The plaintiffs had requested a jury trial. They assert that the evidence before the court did not "show that that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law", within the meaning of Rule 56(c) of the Federal Rules of Civil Procedure, 28 U.S.C.A. That rule places the burden of demonstrating the nonexistence of any genuine fact issue upon the moving party and requires that all doubts be resolved against him. Walling v. Fairmont Creamery Co., 8 Cir., 139 F.2d 318, 322. A surmise, no matter how reasonable, that a party "is unlikely to prevail upon a trial, is not a sufficient basis for refusing him his day in court with respect to issues which are not shown to be sham, frivolous, or so unsubstantial that it would obviously be futile to try them." Sprague v. Vogt, 8 Cir., 150 F.2d 795, 801; Landy v. Silverman, 1 Cir., 189 F.2d 80, 82. See, also, Sartor v. Arkansas Natural Gas Corp., 321 U.S. 620, 627-629, 64 S.Ct. 724, 88 L.Ed. 967.
 
 
 8
 In the instant case the issues made by the pleadings were (1) whether the defendant was a bailee of the trailer for the mutual benefit of the parties; and (2), if so, whether the loss of the trailer was due to the defendant's failure to use ordinary care while the trailer was in its control. The plaintiffs, to show that these issues were genuine issues of fact, rely mainly upon the deposition of Donald L. Grantski, the employee of the plaintiff Union Transfer Company — doing business as Union Freightways — who, with a tractor, hauled the trailer to Louisville and parked it on the defendant's lot. It is conceded that, under a trip lease dated June 14, 1951, between Union Freightways and the defendant (both being common carriers of freight by motor vehicle), Grantski had hauled a trailer load of explosives for the defendant from Omaha, Nebraska, to Madison, Indiana. That lease terminated when the trailer was unloaded at Madison on Friday, June 15, 1951, in the evening.
 
 
 9
 Grantski in his deposition, with respect to what was done with the trailer after it was unloaded in Madison on June 15, testified, in substance, as follows: That on Saturday morning, June 16, he called the Chicago division of Union Freightways to find out if he was needed in Chicago to take a load to Omaha; that he was told that there was nothing for him there; that he then called the dispatcher of the defendant in Louisville and asked if the defendant had a load for him to take to Kansas City or Denver; that he was told by the dispatcher to come down to Louisville and that he "would get me out either for Kansas City or Denver"; that after his talk with the dispatcher he drove to the defendant's terminal in Louisville, a distance of about 42 miles, and reported to the dispatcher; that he, Grantski, was under the impression that the dispatcher would load him out that Saturday morning; that the dispatcher told him they did not work on Saturday afternoons in Louisville, and to put his trailer on one of the defendant's parking lots — that he (the dispatcher) would get him out with a load the first thing on Monday, and that the parking lot was a safe place for the trailer.
 
 
 10
 Grantski further testified that the trailer was empty and that all placards had been removed from it except the designation "Leased to Riss & Company"; that, after parking the trailer on the defendant's lot, he, Grantski, drove away in the tractor; that he saw the trailer on the parking lot the morning of the following day; that on Monday morning about 7:30 he went to the defendant's terminal and was told by the dispatcher, "We will get you out after a bit"; that he drove to the parking lot; that the trailer was gone; that he then drove back to the terminal and asked the dispatcher how soon the trailer would be ready, and the dispatcher said, "Well, maybe one of the hostlers has your trailer out loading it"; that about 2:00 P.M. on Monday the manager of the terminal told Grantski they did not have the trailer, and suggested that he notify the police, which he did, without results.
 
 
 11
 The deposition of Grantski was taken by the defendant, and what we have given above is the substance of his testimony on his direct examination by defendant's counsel.
 
 
 12
 On cross-examination by plaintiffs' counsel, Grantski testified, in effect, that he went to Louisville under instructions of the defendant, and reported to its terminal; that under Union rules he could not have loaded the trailer himself; that he left the trailer on the defendant's parking lot, under its instructions, for its convenience and to enable its hostler to pick it up with a tractor of the defendant and spot the trailer wherever it was to be loaded; that he, Grantski turned the trailer over to the defendant, and there was nothing further that he could do under Union rules until the trailer was completely loaded by the defendant and was ready for the road.
 
 
 13
 Assuming the credibility of Grantski and viewing the testimony given by him in his deposition in the light most favorable to the plaintiffs, we are unable to say that the issues tendered by them were so sham, frivolous or unsubstantial that it would obviously have been futile to try them. The claim asserted by the plaintiffs may be groundless, as the District Court thinks it is, but, if so, its groundlessness does not, in our opinion, so clearly appear as to make a summary judgment an appropriate means of terminating the case.
 
 
 14
 We think that no discussion of the law applicable to bailments for the mutual benefit of the parties is called for. The general rules can be found in 6 Am.Jur., Bailments, §§ 19-22, pages 184-187, and §§ 248-251, pages 351-357. See, also, 8 C.J.S., Bailments, § 8, pages 243-245, and § 27, pages 269-273. Whether at a trial the plaintiffs will be able to establish their claim that the defendant was a bailee for mutual benefit and was guilty of actionable negligence is questionable. We go no further than to say that, in our opinion, they are entitled to make the attempt.
 
 
 15
 The judgment appealed from is vacated, and the case remanded for trial.