**JOSEPH HORNE CO.**
v.
**The UNITED STATES.**
No. 141–54.

United States Court of Claims,
Nov. 8, 1955.

**550**

Paul G. Rodewald, Pittsburgh, Pa., for plaintiff. George M. Heinitsh, Jr., and Smith, Buchanan, Ingersoll, Rodewald & Eckert, Pittsburgh, Pa., were on the briefs.

John A. Rees, Washington, D. C., with whom was Asst. Atty. Gen., H. Brian Holland, for defendant. Andrew D. Sharpe, Washington, D. C., was on the brief.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

WHITAKER, Judge.

This case is before us on plaintiff's motion for summary judgment.

Plaintiff, a department store in Pittsburgh, Pennsylvania, sues for income and excess profits taxes in the sum of $834,-469.11, alleged to have been erroneously collected for the fiscal years ending January 31, 1942, 1943, 1944, 1945, 1946 and 1947, because the Commissioner of Internal Revenue did not allow it the benefit of the involuntary liquidation provision of the Internal Revenue Code in taking its inventories.

Under section 22(d) (6) (A) of the Internal Revenue Code of 1939, as amended, 26 U.S.C.A., a taxpayer is entitled to an adjustment of his net income and resulting tax if there has been an involuntary liquidation of his inventories and a subsequent replacement of them. Plaintiff says it is entitled to the benefit of this section, and, if given it, it has overpaid its taxes in the sum of $834,-469.11, for which it sues.

Plaintiff alleges that in computing its income for each of the fiscal years it took its inventory on the last-in, first-out basis (known as the LIFO basis). In so doing, it used the store-wide basis, and not the departmental basis; that is to say, it did not take its inventory on the basis of the inventories of the various departments of the store. It says this did not disclose any involuntary liquidation, except for the year 1943, and it did not think it to its advantage to claim in this year the benefit of the provision for an adjustment on account of it.

The Commissioner of Internal Revenue had held that department stores were not entitled to use this method at all, but later the Tax Court held in the case of Hutzler Bros. Co. v. Commissioner, 8 T.C. 14, that a department store was entitled to use the LIFO method, provided it took its inventory on a departmental basis. After this decision, the Commissioner so amended the regulations. Plaintiff then took its inventories on a departmental basis and filed amended returns. Then, for the first time, plaintiff alleges, involuntary liquidations were disclosed.

The only question now before us is whether plaintiff is entitled to a summary judgment.

Defendant has filed an answer admitting certain allegations of the petition, denying others on information and belief, and denying others outright. Plaintiff has filed affidavits in support of its motion for summary judgment, and defendant has filed two counter-affidavits, one being the affidavit of the attorney in the Department of Justice representing the defendant before this court, and the other being the affidavit of an employee in the Internal Revenue Service specializing in inventory valuations. Plaintiff says that upon this state of the record, it is entitled to summary judgment

against the defendant in the amount it claims.

■ Of course a motion for summary judgment cannot be sustained where there is a genuine issue as to a material fact. Baxter v. United States, 122 Ct.Cl. 632; Farley v. United States, 125 Ct.Cl. 378; and the burden is on the movant to show there is no genuine issue as to a material fact; Union Transfer Co. v. Riss & Co., 8 Cir., 218 F.2d 553. Ordinarily the plaintiff must prove his case by the introduction of witnesses and subjecting them to cross-examination. This time-honored procedure is to be dispensed with only when it is apparent that defendant makes no issue of any material fact necessary to entitle plaintiff to a judgment.

We must, therefore, look to the allegations of the petition and to defendant's answer to see if there is any genuine issue as to a material fact. If there is, these facts must be established by testimony of witnesses who have been subjected to cross-examination, and not by affidavit.

In paragraph 18 of its petition plaintiff alleges that it first discovered the fact that there had been an involuntary liquidation of some of its inventories when it filed its amended return under the revised regulations of the Internal Revenue Service. It make this allegation in order to excuse its failure to make timely election to claim the benefit of the involuntary liquidation provision of the Internal Revenue Code referred to above. Defendant denies this allegation, for lack of information sufficient to form a belief as to its truth or accuracy.

In paragraph 19 of its petition plaintiff alleges that it filed its amended returns in accordance with the revised regulations of the Internal Revenue Service, and that these amended returns, upon audit, were approved by the Commissioner of Internal Revenue. Defendant substantially admits this allegation.

These returns did not take into account the adjustments for the involuntary liquidation of its inventories, now claimed by plaintiff.

In paragraph 20 of its petition plaintiff alleges the amount of the involuntary liquidation of its inventories for each of the years in question, and the difference between this and the cost of replacement. The truth of this allegation is of course essential to a recovery. The defendant denies it for lack of sufficient information to form a belief.

In paragraph 21 plaintiff sets out a tabulation showing the additional cost of goods sold by taking into account the amount of the involuntary liquidation and the cost of replacement. Defendant also denies this allegation for lack of information sufficient to form a belief.

Plaintiff next alleges that it did not make the election to claim the benefit of the involuntary provision at the time it filed its amended returns because the then existing statute provided that the election must be made at the time of the filing of the original returns, and plaintiff believed it was not entitled to make this election at the time it filed its amended returns. Defendant denies this, for lack of sufficient information.

In paragraph 23 of its petition plaintiff in substance alleges that it was entitled to make the election when it did. The defendant denies this.

In paragraph 24 plaintiff alleges that the amended regulations of the Commissioner of Internal Revenue provided that plaintiff was required to make an election to take the benefit of the involuntary liquidation provision within six months after the time its income tax return had been filed, or within such time as the Commissioner might allow on an application for an extension of time by the taxpayer. This, of course, is admitted by the defendant.

The defendant also admits the allegations of the next paragraph (25) to the effect that the plaintiff made an application for this extension of time.

In the next paragraph (26) plaintiff alleges that the elections so made were made in time and that the Commissioner

"erroneously refused the said request for extensions, of time and erroneously refused to treat the said elections as timely filed." This, of course, is denied by the defendant.

Plaintiff's affidavits support the allegations of its petition, except the allegations of propositions of law.

Of course plaintiff is not entitled to recover; unless the allegations of paragraphs 20 and 21 are true; that is to say, unless it can prove the figures alleged, showing the fact of and the amount of the involuntary liquidation for each year, the cost of replacement, and the resultant additional cost of goods sold. The defendant does not admit these allegations. In its brief defendant says:

"No investigation or determination ever has been made by the Commissioner to ascertain the merits of taxpayer's claims for the asserted overpayments in the several years, primarily for the stated reason that the taxpayer did not file any timely application for such relief as was provided in the statutory provisions and in Regulations applicable thereto. The Government defends upon the belief that taxpayer's claims are devoid of merit but at this time its argument is limited to the propriety and substance of the pending motion."

■ There are, therefore, certain facts which the taxpayer must prove in order to secure the refund it claims, facts the defendant does not admit, but denies, because, it says, it does not know whether they are true or not; in other words, it demands proof. Its denial, even for lack of information, raises an issue which cannot be proven by affidavit, but must be proven by the introduction of witnesses who can be subjected to cross-examination.

It results that plaintiff's motion for summary judgment must be denied.

It is so ordered.

JONES, Chief Judge, and LARAMORE, MADDEN, and LITTLETON, Judges, concur.