MONTGOMERY WARD AND CO., Inc.,
Plaintiff,

v.

Thomas J. FOTOPOULOS, Defendant.

Civ. No. 5-62-109.

United States District Court
D. Minnesota,
Fifth Division.

March 11, 1963.

Gannon & Dahle, Hibbing, Minn., for plaintiff.

Hultstrand, Abate & Wivoda, by Roland T. Wivoda, Naughtin & Naughtin, by David Naughtin, Hibbing, Minn., for defendant.

DONOVAN, District Judge.

The defendant made a motion for summary judgment or in the alternative for an order compelling answers to certain interrogatories, and plaintiff seeks an order relieving it from answering those interrogatories.

The present case involves a lease agreement whereby plaintiff leased part of a building in Hibbing, Minnesota, which was owned by the defendant. A pipe burst causing water to spread into various parts of the building damaging the building and merchandise owned by the plaintiff. The lease states that the plaintiff will not make a claim against the defendant for certain types of possible injuries, one of which is injury from water, unless plaintiff notified defendant of the dangerous condition.

Summary judgment is an extreme remedy. The Eighth Circuit has held that [1]

" * * * a summary judgment upon motion therefor by a defendant should never be entered except where the defendant is entitled to its allowance beyond all doubt; only where the conceded facts show the defendant's right with such clarity as to leave no room for controversy; with all reasonable doubts touching the existence of a genuine issue as to a material fact resolved against the movant; giving the benefit of all reasonable inferences that may reasonably be drawn from the evidence to the party moved against. 'That one reasonably may surmise that the plaintiff is unlikely to prevail upon a trial, is not a sufficient basis for refusing him his day in court with respect to issues which are not shown to be sham, frivolous, or so unsubstantial that it would obviously be futile to try them.'

Sprague v. Vogt, 8 Cir., 150 F.2d 795, 801; Traylor v. Black, Sivalls & Bryson, Inc., 8 Cir., 189 F.2d 213; Union Transfer Co. v. Riss & Co., 8 Cir., 218 F.2d 553; Caylor v. Virden, 8 Cir., 217 F.2d 739."

■ In the case at bar, plaintiff had not notified defendant of any dangerous condition. However, the pipe that burst was located in the part of the building that defendant had retained and the question now is whether the parties to the lease intended that the clause stated above applies to this fact situation. This is clearly a fact question for trial on the merits. For these reasons, the motion for summary judgment should be denied.

Defendant's motion for summary judgment is therefore denied.

It is so ordered.

Defendant is allowed an exception.

■ Plaintiff objects to certain interrogatories because the answers would not be relevant or material, nor would they lead to evidence that is relevant and material. These interrogatories seek to evoke sales figures and net profit figures for the period of the sale of the damaged goods, and for the same period in previous years and for tax returns and profit and loss statements for the Hibbing store. In many cases, it is difficult to fully determine from the pleadings what the issues at trial will be. It must be kept in mind that answers to interrogatories are not evidence until they are offered and ruled upon at trial. At that time, plaintiff may make objection to these interrogatories on the grounds of relevancy and materiality, and the court will then be able to rule upon any objections. A liberal grant of discovery is preferred to a denial when the answers sought might prove to be relevant at

1. Northwestern Auto Parts Co. v. Chicago, B. & Q. R. Co., 8 Cir., 240 F.2d 743, 746, certiorari denied 355 U.S. 815, 78 S.Ct. 16, 2 L.Ed.2d 32.

See Realty Investment Co. v. Armco Steel Corp., 8 Cir., 255 F.2d 323; Union Transfer Co. v. Riss & Co., 8 Cir., 218 F.2d 553; Dennis v. Village of Tonka Bay, 8 Cir., 151 F.2d 411.

the time of trial.[2] The motion to compel answers to the interrogatories in question is granted pursuant to the present knowledge of the plaintiff and subject to proper objection by plaintiff at trial. Plaintiff is allowed twenty days to answer.

It is so ordered.

Plaintiff is allowed an exception.

2. Patterson Oil Terminals, Inc. v. Charles Kurz & Co., D.C., 7 F.R.D. 250.