"This case comes before the court, without oral argument, on plaintiffs motion for partial summary judgment. Plaintiff Ewing M. Kauffman (taxpayer) is the sole shareholder of the Kansas City Royals Baseball Corporation. For the fiscal year ended October 31, 1971, the corporation elected Subchapter S treatment pursuant to section 1372 of the Code. Taxpayer was thus entitled to deduct the corporation’s net operating loss for 1971 on his personal income tax return for that year. I.R.C. § 1374. The source of present controversy involves the allocation of the costs of forming the corporation in 1968 between the cost of acquiring thirty baseball-player contracts from existing member clubs and the cost of acquiring a franchise with the American League. Since the former cost is considered for present purposes to be depreciable and the latter cost not,[1] the value given the player contracts can determine the yearly amortization deduction allowed the corporation and thus the size of its loss in 1971. Taxpayer alleges that the player contracts have a value equal to that ascribed to in the player contracts, or $175,000.00 each, for a total of $5,250,000.00. The Government, in an audit conducted in 1973, determined the value of the player contracts to be $465,000.00, with the remaining $4,785,000.00 allocated as the cost of the franchise. Plaintiff paid the assessment resulting from the lesser depreciation deduction allowed *927 the corporation for 1971 and now seeks refund of this amount, a total of $50,290.00 plus interest.
"Plaintiffs motion asserts that, as a matter of law, the value of the player contracts must be taken in this case as equal to the value ascribed to them in the club’s agreement with the American League. The argument is twofold. First the Government is alleged to be collaterally estopped or precluded from asserting a different valuation because of this court’s decision in Baltimore Baseball Club, Inc. v. United States, 202 Ct. Cl. 481, 481 F.2d 1283 (1973). Secondly, the Internal Revenue Commissioner’s acceptance of the corporation’s valuation of the player contracts in an audit of its earlier, 1968 tax return is alleged to estop the Government in its present suit.
"The court’s decision in Baltimore Baseball did not, however, hold that the contractual valuation of the player contracts purchased by that plaintiff was correct. Neither the amount nor the character of the gain was in dispute in Baltimore Baseball; rather, the issue involved the tax year in which the gain was to be recognized. For that question it was immaterial whether the income realized represented proceeds from the disposition of player contracts or the sale of other non-realty capital assets. In either instance, the proceeds would have been taxed as long term capital gains, and the appropriate tax year would have been determined by the applicability, vel non, of section 453 of the Code ("Installment Method”).[2] The court’s opinion did not determine the value of the player contracts because that sum was not at all in issue.
"Under these circumstances, the Government is not collaterally estopped or precluded from now disputing the value of the present taxpayer’s player contracts. Before that principle may be asserted, the particular issue must be controverted in the previous case and the determination of the issue must have been essential to the finding or verdict rendered. Commissioner v. Sunnen, 333 U.S. 591, 598 (1948). Where, as here, the claim sued upon necessarily differs from the earlier claim, a party is free to litigate *928 points which were not at issue in the first proceeding, even though those issues might have been tendered and decided at that time. Id.; A.L.I., Restatement of the Law Second, Judgments, §§ 45(c), 68 (Tent. Draft No. 1, 1973).[3]
"Similarly, the Government is not estopped by the acceptance by the Revenue Service of the asserted valuation of player contracts in an audit for an earlier year. Automobile Club v. Commissioner, 353 U.S. 180, 183-84 (1956); Easter v. Commissioner, 338 F.2d 968, 969-70 (4th Cir. 1964), cert. denied, 381 U.S. 912; see Caldwell v. Commissioner, 202 F.2d 112, 115 (2d Cir. 1953); Harry Fogel, T.C. Mem. 1957-228.
"Failing on both grounds he puts forward for resolving as a matter of law the value of the player contracts, taxpayer has not met his burden of showing that there is no genuine issue of material fact. Joseph Horne Co. v. United States, 133 Ct. Cl. 270, 135 F. Supp. 549 (1955).
"it is therefore ordered and concluded that plaintiffs’ motion for partial summary judgment is denied and the case is returned to the Trial Division.”

 For the purposes of this motion, it is assumed arguendo by both parties that franchise costs are nondepreciable. Taxpayer’s motion alleges that the proper valuation for the franchise is equal to the amount stated in the franchise agreement; it does not assert that such sum is depreciable. Plaintiff indicates that it intends to assert in the future that franchise costs are depreciable if such costs are found to be substantially greater than the value assigned them in the agreement. Petition, p. 21.

 A second issue, regarding the asserted applicability of the ‘recovery of cost’ method of reporting gain, Treas. Reg. § 1.453-6, was easily dismissed by the court. Baltimore Baseball, 202 Ct. Cl. at 493-95, 481 F.2d at 1290-91.

 This disposition of the question of collateral estoppel or issue preclusion makes unnecessary any determination of whether "mutuality of estoppel” is still a prerequisite to assertion of that doctrine in circumstances like those present here.