Pleading and practice; review of interlocutory order; failure to satisfy standards of Rule 53(c)(2)(ii). — On December 14, 1979 the court entered the following order:
Before Davis, Judge, Presiding, Kashiwa and Bennett, Judges.
The underlying litigation, which has not yet come to trial, is a renegotiation case involving plaintiffs’ fiscal years 1967-1972. During that period National Presto produced 105mm and 8-inch projectiles for the Army, using the "hot cup, cold draw” process. Plaintiffs intend to claim favorable consideration under the statutory renegotiation factors for having developed and perfected this process. In that connection, as part of the pre-trial proceedings, they moved the trial judge to rule that portions of the opinion and findings in National Presto Industries, Inc. v. United States, 167 Ct. Cl. 749, 338 F. 2d 99 (1964), cert. denied, 380 U.S. 962 (1965), be held binding in the present case under the principles of issue preclusion (collateral estoppel). The earlier National Presto case was a government contract case, harking back to 1953-1956 and involving a claim by National Presto that the then contract specifications for making 105mm projectiles at that time by the "hot cup, cold draw” process were defective with regard to the need *514 for turning equipment, and that plaintiff should recover for its extra costs in manufacturing the product by that method, either on the theory of breach of contract or of mutual mistake. The court rejected the claim for breach of contract but found a mutual mistake, allowing a limited recovery to National Presto. In the course of its opinion and findings, the court made certain statements about the then newness and experimental nature of the "hot cup, cold draw” process which plaintiffs now wish to be made applicable to and binding in the present renegotiation case involving the later years of 1967-1972.
Defendant opposed the motion and the trial judge denied it by summary order of Oct. 23, 1979, citing Kauffman v. United States, 215 Ct. Cl. 925 (1977); Red Lake Band v. United States, 221 Ct. Cl. 325, 607 F.2d 930 (1979). The judge did not certify his order for interlocutory review, but on Nov. 2, 1979, plaintiffs have requested such review, invoking Rule 53(c)(2)(ii). The Government opposes, urging primarily that the standards provided by Rule 53(c)(2)(h) for interlocutory review (in the absence, as here, of certification by the trial judge) are not satisfied.
After considering the parties’ submissions, we have concluded that, as the matter now stands, plaintiffs have failed to show "extraordinary circumstances whereby further proceedings pursuant to the said order would irreparably injure the complaining party or occasion a manifest waste of the resources of the court or of the parties” (Rule 53(c)(2)(h)). The submission to us is that, unless the specified statements in the earlier case are accepted under the doctrine of issue preclusion, plaintiffs will have to prove those facts anew, entailing burdensome and lengthy discovery, delay, and perhaps inability at the present time to find witnesses to the events of 1954-1956.
Our problem is that we are not persuaded, at the present, preliminary stage of the case, that plaintiffs have really been seriously injured by the order refusing to declare binding the designated portions of the earlier decision. All those portions say is that the "hot cup, cold draw” process, was new, largely untried, and experimental at that period (1953-1956), a method as to which neither National Presto nor the Government had any great expertise but National Presto would be the active "groper”, undertaking study *515 and experimentation for the Government. See 167 Ct. Cl. at 757, 764, 765, 772-81, 813, 814. The court did not find that National Presto was the initiator or "inventor” of the process; on the contrary, the decision pointed out that the process was already in existence though novel and largely untried for mass production, when the Government asked National Presto to produce shells by using it.[1] As of this moment, we are not at all clear that these general statements have any substantial bearing on the weight of the statutory factors for renegotiation for the much later years, 1967-1972. That may prove to be so later on, as the parties’ contentions become more refined and definite, but right now it is not easy to see the connection. And even if we assume today that there is such a relationship, plaintiffs did not ask the trial judge to let them make their proof of these facts simply by introducing the testimony and evidence already presented in the earlier National Presto case, and we cannot presuppose that the trial judge would necessarily refuse to do so.[2] If that were done, defendant could of course make its counterproof but the asserted burden on plaintiffs would be markedly reduced.
The short of it is that we are unable, at this time, to say that plaintiffs have been irreparably injured by the trial judge’s order or that that order will cause a manifest waste of the resources of the court or of the parties. Accordingly, we refuse at this stage to accept the request for review or to pass on the challenged order, which the trial judge remains of course free in his discretion to modify, withdraw, or maintain as he finds that the circumstances may require. The plaintiffs also remain free, later on in the proceedings, to renew their request for review if they can then show, more precisely and definitely, that they satisfy the requirements of Rule 53(c)(2)(ii) on the basis of subsequent occurrences in the proceedings.
*516 it is therefore ordered that plaintiffs’ request for interlocutory review is denied for failure to meet the standards of Rule 53(c)(2)(ii).[3]

 Finding 15 in the earlier case, 167 Ct. Cl. at 813, finds that, through National Presto’s experience under that contract, it was learned that the hot cup, cold draw process required turning equipment, and that turning equipment was necessary for efficient and economical production as a mass basis. It could be considered that it was for obtaining this precise knowledge that National Presto received its award in the earlier case.

 There are holdings that a court can take judicial notice of a prior record in a related matter in that same court. See United States v. Pink, 315 U.S. 203, 216 (1942).

 Plaintiffs have sought oral argument but we think that unnecessary in the circumstances and in view of our disposition, and we deny plaintiffs’ motion for argument.