## BOARD OF OVERSEERS OF THE BAR

v.

## Philip L. INGENERI.

Supreme Judicial Court of Maine.

Argued Jan. 18, 1982.

Decided Feb. 9, 1982.

---

Michael E. Barr (orally), Board of Overseers of the Bar, Augusta, for plaintiff.

Vafiades, Brountas & Kominsky, Marvin H. Glazier (orally), Bangor, for defendant.

Before McKUSICK, C. J., GODFREY, VIOLETTE and WATHEN, JJ., and DUFRESNE, A. R. J.

McKUSICK, Chief Justice.

This is an appeal by defendant, a lawyer, from the judgment of a single justice of the Supreme Judicial Court sitting in an attorney discipline action. M.Bar R. 7(e)(6). We deny the appeal.

The nature of the relief sought by defendant raises a question whether this court has jurisdiction over his appeal. The single justice found that in his mishandling of an insurance claim for fire loss, defendant was guilty of "neglect[ing] a legal matter entrusted to him," M.Bar R. 3.6(a)(3); "handl[ing] a legal matter without preparation adequate in the circumstances," M.Bar R. 3.6(a)(2); failing to be "punctual in his professional commitments," M.Bar R. 3.6(a); and giving his client false assurances of the progress of the case in violation of Maine Bar Rule 3.2(f)(3).[1] The justice also found that defendant violated Maine Bar Rule 2(c)[2] by failing to respond to Bar Counsel's inquiry after defendant's client filed a complaint with the Board of Overseers of the Bar. For those transgressions the justice ordered defendant-attorney suspended from the practice of law for three months, with the condition that the suspension would be lengthened to six months if defendant failed to continue receiving medical treatment for a complex of problems upon which he has blamed his dereliction. On appeal, defendant does not challenge the suspension, but rather only seeks to strike from the opinion the finding that he misrepresented facts to his client.

 Bar Counsel urges that defendant lacks standing to appeal that finding, on the ground that he is not a "party aggrieved" by a decree that "operate[s] prejudicially and directly upon [his] property, pecuniary or personal rights." *Jamison v. Shepard*, Me., 270 A.2d 861, 862–63 (1970). We cannot agree. The finding of deliberate misrepresentation, contained as it is in a judicial decision open to the view of all, operates as a public censure that could cause serious harm to defendant's professional reputation and, ultimately, to his livelihood. The court in an attorney discipline action is by rule authorized to "impose

1. M.Bar R. 3.2(f)(3) reads as follows:

 A lawyer shall not ... engage in conduct involving dishonesty, fraud, deceit, or misrepresentation ....

2. M.Bar R. 2(c) reads in part:

 The failure without good cause to comply with any rule, regulation or order of the Board or the Grievance Commission or to respond to any inquiry by the Board, the Grievance Commission or Bar Counsel shall constitute misconduct and shall be grounds for appropriate discipline.

an admonition, a reprimand, [or] public censure," in addition to the stiffer sanctions of suspension and disbarment. M.Bar R. 7(e)(6)(D). The finding of deliberate misrepresentation thus operates as an independent sanction that defendant may appeal even though he chooses not to contest the order of suspension.

Turning to the merits, the sole question is whether the single justice erred in treating the allegation of misrepresentation as a fact admitted by defendant. Bar Counsel included the allegation in his petition to the Grievance Commission, which petition was properly served upon defendant. Defendant failed to respond to that petition. In accordance with the fourth sentence of Maine Bar Rule 7(e)(2),[3] the Commission took as admitted all the unanswered charges, including the allegation of "constant misrepresentation to Mr. Foss [defendant's client] as to the status of his claim," as follows: "Throughout the proceedings the Respondent had assured Mr. Foss that all matters pertaining to his action were being properly and timely prepared and submitted."

■ On the record before us, we can find no error in the single justice's conclusion that defendant had admitted the allegation of misrepresentation. At the direction of the Grievance Commission, see M.Bar R. 7(e)(4), Bar Counsel commenced the disciplinary action before the Supreme Judicial Court by filing an information that incorporated by reference the allegations of the petition, all of which were undenied before the Commission. In his answer to the information, defendant expressly admitted the two allegations that incorporated the charges contained in the petition, and went on to state, "Defendant denies that he has made any admissions *other than his failure to file an answer to the petition.*" (Emphasis added) Much of the proceeding below was conducted in the single justice's chambers, without benefit of a court reporter.

It is significant that the transcript of those portions of the hearing conducted in open court reveals no discussion of the misrepresentation allegation at all. Defendant takes nothing from Bar Counsel's failure to mention the misrepresentation charge at trial in his oral summary of the stipulated facts, for those remarks were clearly in the nature of a general opening statement to the court and did not constitute a contradiction or contraction of the charges made by the information through incorporation by reference. The single justice, in denying defendant's motion for a new trial, noted that defendant never denied the allegation or sought to make it an evidentiary issue. Defendant's admission of the allegations in the information and his silence on the misrepresentation charge incorporated in it justified the single justice in treating the facts underlying that charge as admitted.

■ Although we base our decision on defendant's failure to deny the charges incorporated into the information, we believe it important to reject an independent argument put forth by defendant; namely, that when a respondent-attorney's failure to answer a petition results in his being deemed to have admitted the allegations for the purposes of the Grievance Commission's inquiry, M.Bar R. 7(e)(2), that admission can have no evidentiary effect at the subsequent court proceedings. Our holding today moots this argument in the instant case, but we do not want this opinion to stand as any approval at all of defendant's restrictive reading of Rule 7(e)(2) that would treat admissions before the Grievance Commission differently from other extrajudicial admissions. Extrajudicial admissions are generally admissible at trial, when properly offered in evidence, and subject only to the normal rules of evidence. See, e.g., Avant Incorporated v. Polaroid Corp., 441 F.Supp. 898, 900 (D.Mass.1977) (admissions made in response to F.R.Civ.P. 36 requests for admissions), aff'd, 572 F.2d

3. The fourth sentence of M.Bar R. 7(e)(2) provides:

In the event the respondent-attorney fails to file an answer [to the petition filed with the Grievance Commission by Bar Counsel], the facts set forth in the petition shall be taken as admitted.

889 (1st Cir.), *cert. denied,* 439 U.S. 837, 99 S.Ct. 120, 58 L.Ed.2d 132 (1978); *Montgomery Ward & Co., Inc. v. Fotopoulos,* 32 F.R.D. 333, 334 (D.Minn.1963) (admissions made in response to interrogatories); F.R. Civ.P. 32 (use of depositions at trial); *McCormick on Evidence* § 265, at 634 (2d ed. 1972) (admissibility of withdrawn pleadings).

There is no apparent reason why admissions made before the Grievance Commission, even if arising from failure to deny allegations in the petition, should not be admissible at trial as other extrajudicial admissions are. On the contrary, any attorney hailed before the Grievance Commission is put on clear notice of the serious consequences of the Commission proceeding; not only may the Commission on its own impose the sanction of informal admonition or private reprimand, but the possibility that the Commission may file a court information commencing an attorney discipline action against him is not a risk that will be accepted lightly by any lawyer. The rule operates on the reasonable assumption that a respondent would contest any of the factual allegations of the petition that are in fact in error.

It should be emphasized that an attorney discipline action before the Supreme Judicial Court is an independent proceeding, entirely separate from the proceeding before the Grievance Commission. Each separate substantive allegation against a defendant-attorney should be recited in a separately numbered paragraph. For its substantive charges, the information should not rely upon incorporation by reference of Bar Counsel's charges before the Grievance Commission. There probably would have been no occasion for this appeal had the information in this case been drafted in such a way as to force defendant to admit or deny each allegation directly and unambiguously in his answer.

The entry must be:

Appeal denied.

All concurring.