**The CECO CORPORATION, a Delaware corporation, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. Civ. 4–81–747.**

United States District Court,
D. Minnesota,
Fourth Division.

Oct. 19, 1982.

Charles E. Spring, Richfield, Minn., for plaintiff.

Dept. of Justice by Mary Frances Clark, Tax Div., Washington, D.C., for defendant.

## MEMORANDUM AND ORDER

MILES W. LORD, Chief Judge.

### INTRODUCTION

Before this Court is the defendant's motion for summary judgment, brought pursuant to Rule 56, Federal Rules of Civil Procedure. A hearing was held on August 19, 1982, at which time both parties presented arguments. The matter was then taken under advisement.

### FACTS

Walter C. Johnson Plastering Company, Inc., the registered owner of a 1978 Cadillac El Dorado, granted the CECO Corporation a security interest in its vehicle on February 20, 1980, in order to secure payment of a promissory note. On March 3, 1980, CECO filed a financing statement with the Minnesota Secretary of State reflecting the security agreement. CECO did not record its security interest in the Cadillac with the Motor Vehicle Division, nor did it deliver a Certificate of Title to the Motor Vehicle Division.

On September 18, 1980, the Internal Revenue Service filed a Notice of Federal Tax Liens with the Secretary of State of Minnesota against Walter C. Johnson Company, Inc., for unpaid employment taxes, in the amount of $63,721.38, for the second and fourth quarters of 1979 and the first quarter of 1980. The 1978 Cadillac El Dorado was seized by the Internal Revenue Service on November 21, 1980, and subsequently sold at a public auction for $5,275.00, less costs.

On March 5, 1981, CECO requested a return of the property from the Internal Revenue Service. The District Director denied the request by letter dated July 27,

1981. The plaintiff commenced this action on November 9, 1981.

Jurisdiction over this action is conferred by 28 U.S.C. § 1346(e).

## DISCUSSION

 The summary judgment rule, Rule 56(c), Fed.R.Civ.P., provides, in part, that:

... The judgment sought, shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law....

The rule serves a useful purpose in that it enables a litigant to present to the Court for summary determination those cases which can be decided solely upon questions of law. The purpose of the rule is not to deprive litigants of the right to a trial if there are material fact issues to be decided, but to determine whether or not such material fact issues exist. *Poller v. Columbia Broadcasting Co.,* 368 U.S. 464, 82 S.Ct. 486, 7 L.Ed.2d 458 (1962); *Sartor v. Arkansas Natural Gas Corp.,* 321 U.S. 620, 64 S.Ct. 724, 88 L.Ed. 967 (1944). If the record discloses a possibility that a genuine issue of fact exists, the motion must be resolved against the moving party. *Johnson Farm Equipment Co. v. Cook,* 230 F.2d 119 (8th Cir.1956); *Caylor v. Virden,* 217 F.2d 739 (8th Cir.1955); *Union Transfer Co. v. Riss & Co.,* 218 F.2d 553 (8th Cir.1955); *Traylor v. Black, Civallo & Bryson, Inc.,* 189 F.2d 213 (8th Cir.1951). Even though summary judgment is an extreme remedy and, generally, only sparingly used, when a case is ripe for summary disposition, a court should not hesitate to grant the motion. *Matter of Citizens Loan & Saving Co.,* 621 F.2d 911 (8th Cir.1980); *Giordano v. Lee,* 434 F.2d 1227 (8th Cir.1970). It is the opinion of this Court that the matter now before it is ripe for summary disposition.

The issue before this Court is whether CECO Corporation perfected its security interest in the 1978 Cadillac El Dorado under Minnesota law prior to the filing of the federal tax lien. The resolution of the issue requires an examination of both state and federal statutes. Section 6321 of 26 U.S.C., the Internal Revenue Code, provides:

If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person.

Therefore, if after assessment, notice and demand, a taxpayer fails to pay federal taxes, a lien attaches to all rights to property belonging to that taxpayer.

██ Under the federal "first in time is first in right" rule, the federal tax lien takes priority over a nonfederal lien unless the state lien is specific and perfected before the federal tax lien arises. *United States v. Trigg,* 465 F.2d 1264 (8th Cir. 1972), *cert. denied* 410 U.S. 909, 93 S.Ct. 963, 35 L.Ed.2d 270 (1973). The statutory basis for that rule is § 6323 of 26 U.S.C. which, after providing that a federal tax lien "shall not be valid as against any ... holder of a security interest ...," defines a security interest in § 6323(h)(1) as:

... Any interest in property acquired by contract for the purpose of securing payment or performance of an obligation or indemnifying against loss of liability. A security interest exists at any time (A) if, at such time, the property is in existence and *the interest has become protected under local law* against a subsequent judgment lien arising out of an unsecured obligation, and (B) to the extent that, at such time, the holder has parted with money or money's worth. (Emphasis added.)

Therefore, under both the provisions of the Internal Revenue Code and the judicial interpretation of those sections, in order for a creditor to have priority over a federal tax lien, the creditor must establish that its interest in the contested property "has become protected under local law."

■ The plaintiff in the instant case claims that as a result of its filing the February 20, 1980, security agreement, executed by Walter C. Johnson Plastering Co., Inc., with the Minnesota Secretary of State, it has a valid security interest in the 1978 Cadillac El Dorado which takes priority over the federal lien. The defendant, however, argues that the failure of CECO to record its security interest in the property with the Minnesota Motor Vehicle Division and its failure to deliver a Certificate of Title disclosing the security interest to the Motor Vehicle Division renders the security interest invalid.

Under Minnesota law, a security interest in a vehicle is ineffective against "creditors of the owner or subsequent transferees or secured parties of the vehicle *unless perfected as provided in sections 168A.01 to 168A.31.*" (Emphasis added.) Minn.Stat. § 168A.17(1). Therefore, unless the plaintiff took the steps required by the applicable Minnesota statute to perfect its interest in the Cadillac El Dorado, its lien is not valid against the United States.

The method of perfecting a security interest is set forth in Minnesota statutes § 168A.17, subdivision 2, as follows:

A security interest is perfected by the delivery to the Department of the existing Certificate of Title, if any, and Application for a Certificate of Title containing the name and address of the secured party, the date of his security agreement and the required fee. It is perfected as of the time of its creation if the delivery is completed within ten days thereafter; otherwise as of the time of delivery.

In addition, Minnesota Statutes § 168A.22 provides:

The method provided in sections 168A.01 to 168A.31 of perfecting security interests subject to section 168A.01 to 168A.31 is exclusive.

The plaintiff acknowledges the fact that the recording of its security interest in the Cadillac with the Secretary of State was the extent of its filing. The plaintiff argues, however, that nothing further is required under Minnesota Law because of the state's adoption of the Uniform Commercial Code and the state's retaining of the Code's "actual notice" requirement. In support of its position, the plaintiff quotes the following section from the Minnesota Statutes:

A filing which is made in good faith in an improper place or not at all of the places required by this section is nevertheless effective with regard to any collateral as to which the filing complied with the requirements of this article and is also effective with regard to collateral covered by the financing statement against any person who has knowledge of the contents of such financing statement.

Minn.Stat. § 336.9–401(2). The plaintiff interprets the foregoing provision as support for its assertion that the filing with the Secretary of State afforded the defendant knowledge of the prior lien and, therefore, firmly established its interests as senior to the federal tax lien. This Court cannot agree.

■ While the "actual notice" section of the Minnesota Statutes might resolve in favor of the plaintiff other questions of whether there are interests senior to the federal tax lien, that section is inapplicable to the issue of a security interest in a vehicle. The Uniform Motor Vehicle Certificate of Title and Anti-Theft Act, Minnesota Statutes § 168A.01 *et seq.*, is specifically excluded from the application of the Uniform Commercial Code in § 336.9–3023(b)(i). It is this Court's understanding of that provision that by excepting the Motor Vehicle statute, the legislature intended the method of perfecting security interests prescribed in § 168A.22 (quoted *supra*) to be exclusive.

Because the plaintiff did not perfect its interest in the vehicle by following the requirements of Chapter 168A, its interest is not valid against other creditors, subsequent transferees or holders of a security interest. Therefore, the plaintiff cannot show that its interest in the vehicle was superior to that of the United States. Whether the Revenue Officer or the United States had actual knowledge of the contents of the filing statement is irrelevant

because, under Minnesota law, filing with the Motor Vehicle Division is a condition of perfection, and because, under federal law, the standard against which an interest is measured is whether it is perfected against any subsequent judgment lien creditor. For all these reasons, the defendant is entitled to summary judgment.

Accordingly, IT IS HEREBY ORDERED That the government's motion for summary judgment is granted.